## OLIVE D. LIVERMORE, administratrix, *vs.* FITCHBURG RAILROAD COMPANY.

Middlesex.    January 8, 1895. — February 28, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Railroad Accident — Grade Crossing — Ringing of Bell — Due Care — Negligence.*

In order to recover damages of a railroad company under Pub. Sts. c. 112, §§ 212, 213, for causing the death of a person at a crossing, it must be shown that the deceased was in the exercise of due care, and that the defendant neglected to sound its whistle or to ring its bell as required by Pub. Sts. c. 112, § 163, as amended by St. 1890, c. 173, § 1.

HOLMES, J.  This is an action in two counts, under Pub. Sts. c. 112, §§ 212, 213, to recover damages for causing the death of the plaintiff's intestate by running him down at a crossing.  To recover under § 212 it must be shown that the deceased was in the exercise of due diligence.  To recover under § 213 it must be shown that the defendant neglected to sound its whistle or to ring its bell, as required by § 163 as amended by St. 1890, c. 173, § 1.  *Tyler* v. *Old Colony Railroad,* 157 Mass. 336, 340. There was no evidence of either fact.  The only evidence as to the bell is given by one witness, Harding, who was walking on the track and met the train about five or six hundred feet before it got to the crossing.  As the train passed him the bell was ringing.  After it passed him the witness could not say whether the bell rung or not, as he paid no attention to it.  This is not a case where a witness said one thing at one time, and another thing at another, so that the jury must be allowed to decide between his statements, as in *Purple* v. *Greenfield,* 138 Mass. 1, 7.  The plain meaning of the witness throughout was what we have stated.  The mere fact that he cannot say that the bell rang, thus explained, is not evidence that it did not ring.  All that the evidence shows is that at the one moment observed the engineer was doing his duty.  *Menard* v. *Boston & Maine Railroad,* 150 Mass. 386.  *Hubbard* v. *Boston & Albany Railroad,* 159 Mass. 320.  *Davis* v. *New York, New Haven, & Hartford Railroad,* 159 Mass. 532, 533.

There is no evidence as to what the plaintiff's intestate did at the crossing.  When a man is killed in this way, and no neglect of duty on the part of the defendant is shown, such as naturally might have misled him, a jury is not warranted in presuming that he took the necessary precautions.  The facts that sight and hearing of an approaching train were cut off by a hill, and that the train was late, do not supply the place of evidence.  It is all a matter of presumption.  The nature of the accident in some cases makes it improbable, according to common experience, that negligence on the plaintiff's side was a contributing cause, but it does not do so here.  *Crafts* v. *Boston,* 109 Mass. 519.

*Exceptions overruled.*

*C. Q. Tirrell,* (*T. Hillis* with him,) for the plaintiff.
*G. A. Torrey,* for the defendant.