GUARDIAN ASSURANCE COMPANY OF LONDON
*v.* QUINTANA.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
PORTO RICO.

No. 280.  Argued January 6, 7, 1913.—Decided January 27, 1913.

Ordinarily the granting or refusing of a continuance is within the dis-
cretion of the trial court and will only be interfered with by this court
in a clear case of abuse; but in this case the assertion of error based
upon the refusal to continue has some foundation, and is not merely
frivolous, so the motion to affirm is denied.

Section 953, Rev. Stat., confers authority on, and makes it the duty of,
a judge of the Federal court to settle controversies concerning the
bill of exceptions in a case tried before his successor who is, by reason
of death or disability, unable to do so; and this applies to the judge
of the District Court of the United States for Porto Rico.

While it is the duty of plaintiff in error to obtain the approval of the
bill of exceptions by the judge who tried the case, or, in case of his

death or disability, by his successor, there are circumstances under which delay will be excused; and a motion to dismiss under Rule 9 for failure to file the bill denied, so as to give the plaintiff in error reasonable opportunity to have the bill settled.

In this case, the trial judge having died and neither party having moved for a settlement of the bill by his successor, and there having heretofore been room for doubt as to whether § 953, Rev. Stat., governs this case, the motion to dismiss is denied, but without prejudice to renew if plaintiff in error does not within a reasonable time seek a settlement of the bill.

Where a transcript of record has been filed for purposes of a motion to dismiss for want of bill of exceptions, which is denied without prejudice, the bill when settled, or the reasons for failure to obtain its settlement, can be included in a supplementary transcript.

THE facts are stated in the opinion.

*Mr. C. L. Bouvé* with whom *Mr. Hector H. Scoville* was on the brief, for defendant in error, in support of motion to dismiss or affirm.

*Mr. Frederic D. McKenney,* with whom *Mr. J. Spalding Flannery* and *Mr. William Hitz* were on the brief, for plaintiff in error, in opposition thereto.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

In 1911 defendant in error moved under Rule 9 to docket and dismiss the writ of error for failure to file the record. Plaintiff in error opposed because a bill of exceptions was yet unsettled in the hands of the court below, and the motion was, on April 3, 1911, denied "without prejudice to a renewal of same if case is not docketed within a reasonable time after the bill of exceptions is settled." Shortly thereafter, on May 3, 1911, there was filed as a transcript a paper containing the pleadings and certain journal entries and other documents purporting

to relate to proceedings had in the cause in the court below and to certain steps stated to have been taken concerning a bill of exceptions, there being, however, no such bill in the record. Putting out of view the statements made exhibiting the facts and circumstances which gave rise to the reserving of an exception and the preparation of a bill of exceptions and the effort to settle the same, and looking only at the pleadings and journal entries properly embraced in the record, the following is shown:

The suit, on November 29, 1910, was tried, resulting in a failure of the jury to agree. On December 2, 1910, the case was set for re-trial at 10 A. M. on the following day. When the case was called for trial defendant asked a postponement "on account of the short time at his disposal to prepare the defense in the case." On this request being denied an exception was taken and the counsel for the defendant withdrew. After the introduction of evidence for the plaintiff the jury, as instructed by the court, returned a verdict for the plaintiff, upon which judgment was entered. It is to this judgment that the writ of error is directed, it having been allowed by the trial judge shortly after the trial, a supersedeas bond having been also approved about the same time. The assignment of errors was based solely on error asserted to have been committed in refusing the request to continue the case. It appears also from the record that a bill of exceptions was tendered to the court for approval, which bill presumably contained a statement of the facts connected with the refusal of the continuance which were relied upon to sustain the assignment of error made on that subject.

The matter is again before us on a motion to dismiss because there is nothing within our jurisdiction to review, as there is no bill of exceptions, or to affirm, because of the wholly frivolous and unsubstantial character of the ground of error relied upon, that is, the failure of the court below to grant a continuance.

It is obvious that these propositions, inherently considered, rest upon an identical foundation. (*Deming* v. *Carlisle Packing Company*, 226 U. S. 102), and we come to dispose of them in that aspect, considering first the more far-reaching of the two, that is, the asserted frivolous character of the error relied upon. We must of course approach the subject upon the assumption that it is urged upon the hypothesis that the record is in such a state as to justify us in disposing of the matter. This assumption must be indulged because if it is not there would be no way of testing the merits of the contention and it would consequently resolve itself into a mere change in the form of stating the proposition that because there was no bill of exceptions there was nothing for consideration. Coming to test the question of the frivolity of the error relied upon in the light of the assumption just stated, we deem it necessary merely to outline the facts which it is insisted would have been disclosed had a bill of exceptions been settled, as follows: After the failure of the jury to agree, in reliance upon what was asserted to be a practice which had prevailed from the organization of the court, where there had been a disagreement of the jury, to carry a case over for trial before another venire at the following term, the witnesses for the defendant were discharged and allowed to depart for their homes; and on the assigning of the case for a re-trial the request for continuance was based on the physical impossibility of bringing the witnesses back in time to be heard, and to enable that purpose to be accomplished a continuance of five days was prayed and refused. Under this assumed state of facts we content ourselves with saying that there is no room for holding that the assertion of error based upon the refusal to continue was so devoid of foundation as to be merely frivolous in character. We say this because while the elementary rule is that the granting or refusing of a continuance is within the discretion of a trial court, a discre-

tion which will not be lightly interfered with, it is equally elementary that where it is manifest that there has been a plain abuse of discretion.the duty to correct arises.

This brings us to the motion to dismiss, and its deter-mination depends on the facts concerning the alleged bill of exceptions and whether there has been such laches on that subject as to require a dismissal.

The mistrial, the assignment for a re-trial, the applica-tion for a continuance and its refusal and the reserving of an exception, the verdict and judgment and the`allow-ance of the writ of error and the tendering of a bill of exceptions on the subject for settlement as shown by the record 'have already been stated in detail and we need not repeat those statements. 'Certain. is it that the bill remained unsettled in the hands of the court when the previous order of this court declining to dismiss for want of filing of the record was entered.    Indeed, it is shown by the record that on the fourth of April, 1911, the day after, the previous application to dismiss because of the want of a bill of exceptions was by this court denied, the court, below entered the following order:

"In view of the illness of the Judge of this Court it is hereby ordered that the allowance and approval of the Bill of Exceptions in the above entitled cause, heretofore under consideration, is hereby continued over to the ap-proaching April term of this Court."

It is conceded by counsel for both parties that Judge Jenkins, who thus continued the hearing of the controversy, never further acted upon the matter, because shortly after he left Porto Rico for the United States, where he remained until his death in the following June. It is likewise conceded that the successor in office to Judge Jenkins—Judge Charlton—was appointed and held the court from August 14, 1911, until October 7, 1911, and a further term from October 9, 1911, until April 13, 1912.    There is also a certificate of the clerk contained

in the motion papers to the effect that no steps were taken by anyone to procure action by Judge Charlton looking to the settlement of the bill of exceptions. And it is the neglect during the time stated to press for a settlement of the bill of exceptions by Judge Charlton which forms the basis of the laches which it is insisted requires a dismissal of the writ of error. While insisting on laches, it is admitted (citing *Hume* v. *Bowie*, 148 U. S. 245, 253) that if there was no legal possibility of having the bill of exceptions settled and the right thereto was lost without any fault on the part of the plaintiff in error, the duty would obtain to grant a new trial.

Passing the consideration of whether the provisions of § 219 of the Code of Civil Procedure of Porto Rico, copied in the margin,[1] are applicable to the District Court of the United States for Porto Rico (see *Chateaugay Iron Co., Petitioner*, 128 U. S. 544), and whether, if applicable, the adoption of rules on the subject was essential to give it full efficacy, we are of opinion that § 953 of the Revised Statutes, also copied in the margin,[2] conferred authority

---

[1] A judge or judicial officer may settle and sign a bill of exceptions after as well as before he ceases to be such judge or judicial officer. If such judge or judicial officer, before the bill of exceptions is settled, dies, is removed from office, becomes disqualified, is absent from said island, or refuses to settle the bill of exceptions, or if no mode is provided by law for the settlement of the same, it shall be settled and certified in such manner as the Supreme Court may by its orders or rules direct. Judges, judicial officers, and the Supreme Court shall respectively possess the same power, in settling and certifying statements, as is by this section conferred upon them in settling and certifying bills of exceptions.

[2] That a bill of exceptions allowed in any cause shall be deemed sufficiently authenticated if signed by the judge of the court in which the cause was tried, or by the presiding judge thereof if more than one judge sat on the trial of the cause, without any seal of the court or judge annexed thereto. And in case the judge before whom the cause has heretofore been or may hereafter be tried is, by reason of death, sickness, or other disability, unable to hear and pass upon the motion

and made it the duty, if possible, of any judge of the court below, successor in office to Judge Jenkins, to consider and settle the controversy concerning the bill of exceptions. Although of this opinion, we do not think our duty exacts under the circumstances of this case that we dismiss for the want of a bill of exceptions. On the contrary we are of opinion that our duty is to afford an opportunity to the parties to avail of the provisions of Rev. Stat., § 953, so that the record may be completed, to the end that the merits of the writ of error may be disposed of. Briefly stated, we reach this conclusion for the following reasons: 1, because we think there is no just ground for treating our previous order as an affirmative direction to seek the settlement of the bill of exceptions from the successor in office of Judge Jenkins, because at the time that order was entered Judge Jenkins was discharging his duties, and in fact the order, continuing over the term the settlement of the bill of exceptions, was made by him, while the previous motion to dismiss was here under consideration; 2, because there was some reason for considering that the provision of the Porto Rican Code to which we have referred did not apply to proceedings in the court below, and there was also some

---

for a new trial and allow and sign said bill of exceptions, then the judge who succeeds said trial judge, or any other judge of the court in which the cause was tried, holding such court thereafter, if the evidence in such cause has been or is taken in stenographic notes, or if the said judge is satisfied by any other means that he can pass upon such motion and allow a true bill of exceptions, shall pass upon said motion and allow and sign such bill of exceptions; and his ruling upon such motion and allowance and signing of such bill of exceptions shall be as valid as if such ruling and allowance and signing of such bill of exceptions had been made by the judge before whom such cause was tried; but in case said judge is satisfied that owing to the fact that he did not preside at the trial, or for any other cause, that he cannot fairly pass upon said motion, and allow and sign said bill of exceptions, then he may in his discretion grant a new trial to the party moving therefor.

room for reasonable doubt as to whether the provisions of Rev. Stat., § 953, governed the matter in hand, thereby rebutting the inference that the mere failure to apply to the successor of Judge Jenkins for a settlement of the bill of exceptions was either a waiver of the writ of error or an election to stand upon the imperfect record as filed in this court without reference to the settlement of the bill of exceptions; 3, because the delay in the settling of the bill of exceptions obviously, in part at least, arose from the objection of defendant in error, plaintiff below, who equally with plaintiff in error took no steps after the order of this court overruling the prior motion to dismiss and the death of Judge Jenkins, to have the bill settled by his successor; 4, because the failure of the court to instruct a verdict on the first trial and the disagreement of the jury all serve to indicate that the defense may not have been wholly devoid of merit; and, 5, because if the facts stated extraneous to the record concerning the bill of exceptions, which we have noticed for the purpose of the motion to affirm, be taken as true, it might result that a dismissal for want of a settlement of the bill of exceptions would occasion injustice, amounting to a possible condemnation without a reasonable opportunity to be heard. Indeed, the admonition which arises from this last consideration is cogently reënforced when the subject-matter to which the bill of exceptions related, the mere refusal to grant a continuance, is taken into view, and the long delay and presumed hesitancy which followed in settling the bill of exceptions are borne in mind.

We shall, therefore, refuse the motion both to dismiss and affirm, without prejudice, however, to the right to renew the same unless plaintiff in error within a reasonable time applies to and diligently seeks the settlement of the bill of exceptions at the hands of the successor in office of Judge Jenkins or any judge empowered by assignment

or otherwise to discharge the duties of a judge of the court below.[1] And we further direct that the bill of exceptions. when settled shall be promptly included in a supplementary transcript of record, or the reasons for a failure to settle the bill, if the judge below finds it impossible to do so, be certified to this court.

Motion to dismiss or affirm denied without prejudice.

------

[1] See the act of Congress approved January 7, 1913, entitled "An act to provide for holding the District Court of the United States for Porto Rico during the absence from the island of the United States district judge and for the trial of cases in the event of the disqualification of or inability to act by the said judge."