## ASSAID v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. January 12, 1926.)

No. 2425.

1. **Criminal law 1166½(6)—Refusal to permit accused to ask jurors if it would take any evidence to remove opinions they had formed held not prejudicial error.**

Where jurors stated that they had formed, but not expressed, opinions, and that they could give both government and defendant fair and impartial trial, refusal to permit defendant to ask them if it would take any evidence to remove opinions they had formed *held* not prejudicial error.

2. **Jury 133.**

Acceptance of jurors is largely within trial court's discretion.

3. **Jury 131(2).**

Ascertainment of juror's eligibility is largely within trial court's discretion.

4. **Jury 99(6)—Fact that juror had formed an opinion is not of as much moment as when he has expressed it.**

On considering objection to juror's eligibility, statement that juror had formed an opinion is not of as much moment as when he has expressed it.

**5. Criminal law ⟨⟨⟩⟩683(1).**

Right to call a witness in rebuttal is in discretion of trial court.

**6. Criminal law ⟨⟨⟩⟩1159(3).**

Circuit Court of Appeals will not substitute its judgment for that of jury on issues of fact on which there was conflicting testimony.

In Error to the District Court of the United States for the Western District of Virginia, at Roanoke; Henry Clay McDowell, Judge.

Charles Assaid was convicted of violation of section 3, title 2, of the National Prohibition Act, and he brings error. Affirmed.

John W. McCauley, of Roanoke, Va., for plaintiff in error.

C. E. Gentry, Asst. U. S. Atty., of Charlottesville, Va. (J. C. Shaffer, U. S. Atty., of Wytheville, Va., on the brief), for the United States.

Before WADDILL, ROSE and PARKER, Circuit Judges.

WADDILL, Circuit Judge. Plaintiff in error, hereinafter referred to as defendant, was indicted at the June term, 1925, for violating the provisions of section 3, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½aa), the first count charging the unlawful sale of intoxicating liquors, and the second count the unlawful possession of such liquors. The first trial resulted in a hung jury, and on the second trial, several days after the first, a verdict of guilty was returned upon which the court entered judgment against the defendant.

It is to the action of the District Court in entering judgment upon the verdict against the defendant, and for alleged errors committed preparatory to and during the progress of the trial, that the assignments of error relate. The material assignments are three in number; the first relating to the impaneling of the jury, the second to the examination of a witness, J. H. Metz, and the third to the sufficiency of the testimony to sustain the verdict.

The first assignment presents this question: After impaneling the jury at the first trial, there remained unused 16 of the original venire of 28, and upon the second trial said 16 jurors, with the exception of 6 in number, were rejected, and the panel thereupon completed by the selection, in the manner prescribed by law, from the bystanders, of 12 additional veniremen, making, with the 6 of the original panel not rejected as aforesaid, a complete panel of 18. The 6 jurors remaining of the original panel, who were

retained thereon over defendant's objection, upon being examined on their voir dire, in response to questions propounded to them, answered that they had formed, but not expressed, opinions regarding the guilt or innocence of the accused, but further stated that they could give to both the government and the defendant a fair and impartial trial. The defendant thereupon asked to be permitted to ask them if it would take any evidence to remove from their minds the opinions they had formed as to the guilt or innocence of the accused, which question the court refused to allow to be asked, to which the defendant excepted, and the 6 jurors were thereupon retained as forming part of the panel of 18 from which the jury was selected. It is as to the correctness of this ruling of the court in accepting these jurors, and especially in not permitting the question as to whether it would take evidence to remove the impressions they had of the case from their minds, that the assignments of error are chiefly based.

[1] Undoubtedly the two exceptions relate to matters of serious moment to the defendant, and their correct disposition presents questions of difficulty and delicacy. The right to ask the question whether or not evidence would be required to remove an opinion formed by a juror is one usually permitted, as the inquiry tends to further the end of justice. The same should ordinarily be permitted, and its refusal would be error, unless it appears from the whole case that such denial did not operate prejudicially to the exceptant. We have given much thought to the two exceptions, particularly to the latter, and we cannot but believe, from the fact that the 6 jurors excepted to accompanied their statement that they had formed, but not expressed, opinions regarding the guilt or innocence of the accused, with the further statement that they could give to both the government and the defendant a fair and impartial trial, that the accused was afforded such fair and impartial trial as, upon a full consideration of the case, in the light of the testimony and the entire record, it does not appear that any injustice resulted to him. The case was one of misdemeanor, and the defendant was permitted to have selected a panel of 18 apparently impartial persons from whom to select those to pass upon his guilt or innocence.

[2-4] The action of the trial court, in so far as the same related to the acceptance of jurors and the ascertainment of their eligibility, had relation to a subject largely within its discretion, and this court should be slow to

disturb its ruling in the premises, unless some plain error was committed of a prejudicial character. The case is not one in which the prospective jurors had expressed an opinion, but merely formed one, which is not of as much moment in considering the objection to the jurors' eligibility as when the same had been expressed. In Reynolds v. United States, 98 U. S. 145, at 155, 156 (25 L. Ed. 244), in an opinion by Chief Justice Waite, this question is considered, and it is also discussed, along with the discretionary authority exercised by trial courts generally in the impaneling of juries therein, in the following cases from the Supreme Court of the United States and this court: Hopt v. Utah, 7 S. Ct. 614, 120 U. S. 430, 30 L. Ed. 708; Spies v. Illinois, 8 S. Ct. 21, 22, 123 U. S. 131, 31 L. Ed. 80; Holt v. United States, 31 S. Ct. 2, 218 U. S. 245, 248, 54 L. Ed. 1021, 20 Ann. Cas. 1138; Tierney v. United States, 280 F. 322, 325, 326 (C. C. A. Fourth Circuit); Kelly v. United States, 293 F. 689, 692, 693 (C. C. A. Fourth Circuit). [5, 6] The two other assignments, one relating to the calling of the witness Metz in rebuttal, and the other as to the sufficiency of the testimony to sustain the verdict, are obviously without merit. The right to call the witness under the circumstances was within the discretion of the court. It not infrequently happens that it becomes necessary to determine whether a particular witness should not have been called at an earlier stage of the trial, or when testimony in rebuttal is being taken, and they are sometimes called as adverse witnesses in the trial judge's discretion. The sufficiency of the testimony as to the commission of the offense, and whether the intoxicating liquors were such, as condemned by the statute, were issues of fact upon which there was conflicting testimony, and the court will not undertake to substitute its judgment for that of the jury in such matters.

Affirmed.