## LIAS et al. v. UNITED STATES.
### No. 3147.

Circuit Court of Appeals, Fourth Circuit.
July 8, 1931.

(Arthur Arnold, U. S. Atty., of Parkersburg, W. Va., and Wm. C. Howard, Asst. U. S. Atty., of Wheeling, W. Va., on the brief), for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

The three appellants together with six others were indicted in the District Court of the United States for the Northern District of West Virginia, at the October term, charged with conspiring to violate the National Prohibition Act in violation of section 37 of the Federal Penal Code (18 USCA § 88), and were tried at the same term at which the indictment was returned. The three appellants had previously been arrested and taken before a commissioner in September, 1930.

The evidence, as it appears from the record, shows that the appellants were engaged in running what they claimed was a gambling house in the city of Wheeling on premises which consisted of a two-story brick building; that the entrance to this building was through a screen door, then through a front room to an electrically-operated door, behind which there was another small room with an electrically operated door leading to a space under the stairway; that there was a room on the premises fitted up as a bar; that there was a gambling room, in which there was a dice table and other gambling paraphernalia; that there were three electrically operated doors through which entrance was gained to the inside of the house. Some witnesses for the prosecution, who were prohibition agents, testified that they had visited the premises on different occasions and bought whisky there. There was evidence tending to show that appellant Lias was in charge of the operation of the premises, and that the others were employees. Two of those indicted were not apprehended, and as to four of the defendants the jury found a verdict of not guilty, returning a verdict of guilty as to the three appellants. Upon this verdict the court entered judgment, sentencing appellants to the penitentiary, from which action of the court this appeal was taken.

There were twenty-nine assignments of error, but these have been grouped in brief and argument on behalf of appellants into twelve propositions, the first of which is that the court erred in not granting a continuance or a change of venue, on the ground of the illness of the leading counsel for the defend-

Howard D. Matthews and J. Bernard Handlan, both of Wheeling, W. Va. (G. Alan Garden and Handlan, Garden & Matthews, all of Wheeling, W. Va., on the brief), for appellants.

Frank E. Parrack, Asst. U. S. Atty., of Kingwood, W. Va., and Russell L. Furbee, Asst. U. S. Atty., of Fairmont, W. Va.

ant, who was the head of the firm representing them and because of articles appearing in various newspapers dealing with the case and an alleged attempt to kill one of the prosecution's witnesses in the case.

■ The question of continuance was one addressed to the sound discretion of the trial court. This has been repeatedly held by this court, and it is scarcely necessary to cite authorities to that effect. Baker v. United States (C. C. A.) 21 F.(2d) 903; Johnson v. United States (C. C. A.) 5 F.(2d) 471; Guardian Assurance Co. of London v. Quintana, 227 U. S. 100, 33 S. Ct. 236, 57 L. Ed. 437; Fidelity & Deposit Co. v. L. Bucki & Son Lumber Co., 189 U. S. 135, 23 S. Ct. 582, 47 L. Ed. 744.

■ Here defendants were represented by two other members of the law firm, of which the leading member was ill; one of the attorneys representing appellants at the trial having been present before the commissioner. There was no good reason for continuance of the case upon ground of the illness of one of several attorneys, and the motion was properly denied. The defendants had ample notice as to the charges against them, were ably represented at the trial, and were in no way taken by surprise.

■ With regard to the newspaper articles, an examination of the record shows that the court examined the jurors as to the articles, and ascertained that not a one of the jurors constituting the panel was so biased or prejudiced on account of the articles that he could not be fair and render a true verdict according to the law and the evidence; and it further appears that the jurors denied that they had formed or expressed any opinion as to the guilt or innocence of the defendants or any of them. There is nothing in the record indicating that the defendants were not tried by a fair and impartial jury. Objection was raised as to the manner of interrogating the jurors upon their voir dire, but the methods of procedure in the selection of the jury were proper and in accordance with the decisions of this court. Ungerleider v. United States (C. C. A.) 5 F.(2d) 604.

■ The trial court is invested with a wide discretion in determining the competency of the jurors, and the court's judgment in this respect will not be interfered with except for an abuse of the discretion. In Assaid v. United States (C. C. A.) 10 F.(2d) 752, will be found a full discussion of this question by Judge Waddill, and a number of authorities are there cited, all of which hold to the effect above stated.

■ It is contended that the court erred in admitting evidence with regard to certain overt acts not mentioned in the indictment, and as to which the defense was taken by surprise. Motion was made by defense for a bill of particulars. Upon agreement of the United States attorney, made in open court, that the files of his office, relating to the case, would be thrown open to the inspection and use of counsel for defendants, and that he would not introduce testimony relating to any overt act not set out in the indictment without first giving counsel for defendants ample notice thereof, said motion for bill of particulars was not insisted upon by defendants. There is no contention that the United States attorney did not scrupulously carry out his promise with respect to opening his files to the inspection and use of the attorneys for the defendants, nor is there anything in the record that leads to the conclusion that the defendants were in any way taken by surprise, or that improper evidence was admitted so as to constitute reversible error. This contention of appellants is without merit.

■ It is contended that there should have been a mistrial granted by the court, because two of the defendants were at one time seen by members of the jury to be handcuffed together, but we cannot see any merit in such a contention. The jury at the time of the incident complained of were seated in a bus, and the two defendants handcuffed and in charge of an officer happened to walk past the bus. The judge seeing them directed the handcuffs to be removed before defendants entered the bus with the jury. We can see no harmful error in this occurrence.

■ It is also contended that the court erred in stating that it considered certain evidence admissible because in its opinion the government had made out a prima facie case of conspiracy. We are of the opinion that the court's action in this respect was proper and within the law.

■ One of the propositions most strongly relied upon by counsel for defendants is directed to the action of the court in refusing to sustain the objection of counsel for the defendants to the remarks of one of the assistant United States attorneys in his arguments to the jury, on the ground that such remarks referred to the fact that the appellants had not taken the stand or testified at the trial. An examination of the remarks objected to shows that the assistant United States attor-

218

ney well might have been referring, and was in fact apparently referring in his statements, to persons other than defendants, and that when he stated that certain evidence was uncontradicted, he evidently meant that it was uncontradicted by numerous people, who, it had been testified, had frequented the premises in question for the purpose of gambling.

"Comment by court and counsel that said testimony is uncontradicted is common, oftentimes, helpful, and very generally held to be without error." Morrison v. United States (C. C. A.) 6 F.(2d) 809, and authorities there cited.

We are of the opinion that the remarks objected to here did not constitute reversible error.

Again it is strongly contended that the court erred in giving to the jury certain portions of a special charge after the jury had been considering their verdict for some time. The court of its own motion, when the jury had returned into the courtroom and reported that they had not agreed upon a verdict, said to them that, hoping he might be of some aid to them in reaching a verdict, he would instruct them among other things to the effect that they should examine the questions submitted to them with proper regard and deference to the opinions of each other, and that, while undoubtedly the verdict of the jury should represent the opinion of each individual juror, a juror should ask himself whether he might not reasonably doubt the correctness of a conclusion not concurred in by the majority.

We do not think the giving of this instruction constituted reversible error. The instruction given by the court is in every respect substantially sustained by the Supreme Court of the United States in Allen v. United States, 164 U. S. 492, 17 S. Ct. 154, 41 L. Ed. 528, and is in no material way different from a special charge held proper by this court in Johnson v. United States, 5 F.(2d) 471, where Judge Rose in an able opinion discusses this question. See, also, Angelle v. United States (C. C. A.) 31 F.(2d) 245; Dwyer et al. v. United States (C. C. A.) 17 F.(2d) 696.

Here the court properly told the jury that the verdict must be the verdict of each individual juror, and not his mere acquiescence in the conclusion of his fellows. For discussion of this question, see, also Stewart v. United States (C. C. A.) 300 F. 769; Nigro v. United States (C. C. A.) 4 F.(2d) 781; Burton v. United States, 196 U. S. 283, 25 S.

Ct. 243, 49 L. Ed. 482; St. Louis & S. F. R. R. Co. v. Bishard (C. C. A.) 147 F. 496; Shaffman et al. v. United States (C. C. A.) 289 F. 370, 371.

Comments by a prosecutor in the course of his arguments that might be open to the interpretation that they pointed to the failure of defendants to testify are always to be carefully scrutinized, and the giving of special instructions of the character of those given here should not be approved without a careful analysis of them. In this case the evidence so overwhelmingly and conclusively shows the guilt of the defendants that, to constitute reversible error, such error must be of a character as to have been clearly prejudicial to them. Such is not the case here.

It is also contended that the court erred in refusing to give certain instructions requested on behalf of the defendants, but an examination of the instructions and the court's charge to the jury leads us to the conclusion that the court substantially covered the points involved in its oral charge, and it is not necessary to quote authorities to the effect that this is sufficient.

A number of other assignments of error, not here discussed, were made on behalf of defendants, in which there is no merit, and they are not of sufficient importance to justify discussion here.

There was no reversible error in the trial, and the judgment of the court below is accordingly affirmed.