440 F.Supp. 689 (1977)
UNITED STATES of America
v.
Herminio CORTÉS.
Crim. No. 75-297.
United States District Court, D. Puerto Rico.
February 22, 1977.
*690 Julio Morales Sánchez, U. S. Atty., San Juan, P. R., for plaintiff.
Joaquín Monserrate Matienzo, Hato Rey, P. R., for defendant.

OPINION AND ORDER
PESQUERA, District Judge.
Defendant Herminio Cortés has moved for a new trial "in the interest of justice and based on newly discovered evidence". He avers that one of the jurors who served in the jury that found him guilty as charged in the second count and not guilty as to the first count of the indictment, was disqualified to act as such because of her inability to understand the English language. As proof he relies on the transcript of the voir dire of said juror in the case of United States v. Rubén González Collazo, Cr. 76-136 of this Court, where a visiting judge excused her from jury duty allegedly because of her inability to understand the English language. Defendant further asks the Court to take judicial notice that in Puerto Rico the vernacular is Spanish, that English is deficiently taught in our schools, and "fully understood" only by a minority. These latter foundations, even if we take judicial notice of the first two, have no bearing on the issue presented, which is whether the specifically named juror was qualified to act as such.
Defendant grants that the juror in question was not biased or prejudiced against him. He stands on the statutory disqualification that grows out of her alleged inability to understand the English language. Having been satisfied with the juror's ability to understand the English language, a satisfaction we infer from the fact that said juror was not challenged, defendant excuses his failure to raise the matter until after verdict because it was the trial judge who conducted the voir dire. Defendant forgets, however, that he was given full opportunity to request further investigation and to supplement the Court's voir dire pursuant to the practice followed in this district, and that his failure to do so must have been because he was as satisfied as the Court with the juror's shown ability to understand and speak the English language. Furthermore, as stated in Ford v. United States, CA5, 201 F.2d 300 at 301:
"It is the right and duty of a defendant to discover on voir dire examination, or from other sources, whether a talesman is subject to disqualification for cause. Where the objection to a juror relates, not to actual prejudice or other fundamental incompetence, but to a statutory disqualification only, such disqualification is ordinarily waived by failure to assert it until after verdict, even though the facts which constitute the disqualification were not previously known to the defendants."
It is certainly in the interest of justice that a new trial be granted if anything has prevented a fair trial, so we set aside any technical grounds and consider if *691 in fact the named juror should have been disqualified. However, a close study of the transcript of the voir dire examinations of the named juror in both this case and the case of United States v. Collazo, supra, shows that the juror in question was able to understand and speak the English language. In the instant case the juror was asked fourteen questions and she had difficulty only with one. Furthermore, she was able to answer with complete sentences not just one or two words. For example, when she was asked "And, is there anyone that is eighteen years or more that lives in the same house with you?", she answered "Yes, a son of twenty-two years. A student of Medicine". In the case of United States v. Collazo she was asked twenty-four questions and she had difficulties only on four occasions. In fact, we fail to understand why the visiting judge thought he would have difficulty with the juror and decided to excuse her while we found her as well as counsel for defendant to be fully qualified. Perhaps, the only explanation is that a trial court is invested with a wide discretion in determining the competency of the jurors, and that a court's judgment in this respect will not be interfered with, except for an abuse of discretion. (Lias v. United States, 4 Cir. 1931, 51 F.2d 215, 217 and other cases cited in Lyda v. United States, 321 F.2d 788 at 791). After the thorough consideration we have made of the transcript of the voir dire in both cases, we are of the opinion that there has been no sufficient showing of incompetency on the part of the named juror.
In his motion for new trial, defendant takes for granted that an evidentiary hearing will be held to determine the juror's ability to understand and speak the English language. It has been ruled in this district that the procedure whereby prospective jurors are required to read, write and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the jury qualification form, are then submitted to oral interrogation by a district judge, and lastly are subjected to voir dire in English on date of trial, provides a defendant with a jury sufficiently versant in English as to accord him due process, and the Court is not required to utilize a possibly better and more scientific method that may be proposed by a defendant. United States v. Ramos Colón, D.C. Puerto Rico, 415 F.Supp. 459 (1976).
Furthermore, it is well settled that only clear evidence of a juror's incompetence to understand the issues and to deliberate requires setting aside a verdict, and that only strong evidence that it is likely that the juror suffered from such incompetence will justify an inquiry into whether such incompetence in fact did exist. United States v. Dioquardi, CA2, 492 F.2d 70, at 78 (1974) Such evidence is totally lacking in this case. These doctrines are based on very powerful reasons such as the prevention of post trial inquisition of jurors "... lest it operate to intimidate, beset and harass them". (Stein v. New York, 346 U.S. 156, at 178, 73 S.Ct. 1077, 97 L.Ed. 1522); the burdening of the courts with a large number of applications, mostly without real merit; an increase in temptations for tampering; and further bringing about uncertainty to the verdicts. (United States v. Crosby, CA2, 294 F.2d 928, at 950).
For the above stated reasons, defendant's motion for new trial is hereby DENIED.