## BRADSHAW *v.* STOTT.

PRACTICE; CONTINUANCE OF CAUSE, AFFIDAVIT IN SUPPORT OF.

1. Whether in a case in which there has been manifest abuse on the part of a trial court of its discretion in the matter of postponing or continuing the trial, resulting in material injury to one of the parties, its action in refusing to continue may be reviewed on appeal, *quære.*
2. An affidavit in support of a motion to continue a trial upon the ground of the illness of one of the defendants, a material witness, should set out the particular facts to which the absent party would if present testify; and an affidavit which states only that such testimony "is material, proper and competent," is insufficient.

No. 512. Submitted November 6, 1895. Decided November 21, 1895.

HEARING on an appeal by the defendants from a judgment on verdict in an action of ejectment. *Affirmed.*

The COURT in its opinion stated the case as follows:

This is the second time this case has been before us on appeal taken by the defendant, Aaron Bradshaw. On the first, the judgment was reversed, with some reluctance, because of a technical defect in the charge of the court. The plaintiff, Charles G. Stott, claiming under color of title made perfect by adverse possession, made out a very strong case ; but we were constrained to reverse the judgment in his favor, because the charge of the court lacked an element necessary to the technically accurate definition of title by adverse possession and lapse of time. 4 App. D. C. 527.

Several errors have been assigned, of which but one has been seriously pressed for our consideration. That one is, the refusal of the court to postpone or continue the case, upon the motion of the defendant.

It appears from the bill of exceptions, that on April 20, the case was set down for trial on June 4, 1895, according to the prevailing practice. When the case was called on that day, the plaintiff announced his readiness, whereupon the defendants made a motion for a continuance, supported by the affidavit of Mary E. Bradshaw, one of the defendants. This affidavit stated that " her testimony is material, proper and competent in this case ; that she cannot go to trial except with injustice to herself; that she is unable at the present time to attend court because of illness confining her to her home ; that her presence is necessary for consultation with her counsel in the matter of the preparation of said case for trial ; and that her presence in court during the trial is indispensable to enable her counsel to properly conduct it." She further deposed that she had been under the care of a physician for more than four weeks, is in a weak and nervous condition, and cannot leave home without danger to her health, and that her husband and co-defendant has been unable to prepare his case for trial by reason of his attendance upon her. It was also stated that the motion was not made for delay, but for the purpose of obtaining a fair trial. The certificate of her physician was also presented to the effect that she was " very sick with an attack of acute bronchitis," and unable safely to leave her house.

Objection was made to the continuance by the plaintiff, on the grounds, first, that no notice of intention to move a continuance had been given between the date of setting the case and the day of trial up to the time of calling the case, and that the plaintiff, relying upon a trial, had all his witnesses in attendance ; and, second, that the defendant who made the affidavit had not been called as a witness on the former trial, and her affidavit did not disclose what facts it was expected to prove by her, or that any evidence material to the case could be given by her.

The court thereupon requested counsel for the defendants to state what facts he proposed to establish by the affiant, in order that plaintiff's counsel might have an opportunity to admit the same, if willing to do so. The counsel having replied that he was unable to state what facts the testimony of the affiant would tend to prove, the court overruled the motion, and ordered the trial to proceed.

Having taken an exception to the refusal of his motion, the defendants' counsel moved the court to pass the case until his associate, who had been with him on the former trial, and who was then engaged in an argument before the Court of Appeals, could be present. This motion was also denied, and the denial duly excepted to.

At the close of plaintiff's testimony, and before the usual adjournment hour, the court adjourned to the next day to give the defendants time to produce their witnesses. Upon the opening of the court, the counsel who had been absent on the preceding day, appeared, and moved the court to discharge the jury and continue the case because of the illness of said Mary A. Bradshaw which he offered further to prove by her husband, who was present. The court declined to hear the proof, and overruled the motion, to which defendants again excepted.

Counsel then offered the affidavit of said Aaron Bradshaw in support of the motion, which stated that owing to his wife's illness for more than a month and his enforced attendance upon her, it had been absolutely impossible for him

to give any attention to the preparation of his defence ; and that he was ignorant of the fact that the case had gone to trial on the day before until 3 o'clock p. m.; and further, that, his wife's sickness and his compulsory attendance upon her had made it impossible for either of them to attend to the preparation of their case or to confer with their counsel. This motion was also denied, and defendants again excepted.

The defendants then announced that not being ready for trial, they would offer no testimony.

In making out his case, plaintiff, after introducing his paper title, offered evidence tending to show a continuous, exclusive, adverse possession of the premises by those under whom he claimed, from a date prior to the year 1844 down to 1877. He then called the defendant, Aaron Bradshaw, and proved by him that his wife, Mary A., was in possession under purchase from one John H. Walter, and that his first knowledge of the condition of the property began in the year 1877.

*Mr. Henry Wise Garnett, Mr. D. S. Mackall* and *Mr. J. A. Maedel* for the appellant :

1. Although the question of the postponement of a trial is one ordinarily addressed to the sound discretion of the trial court, yet where an abuse of that discretion is shown the judgment will be reversed. *Means* v. *Bank*, 146 U. S. 620 ; *Swenson* v. *Aultman*, 14 Kan. 277 ; *Davis* v. *Wilson*, 11 Kan. 74–81 ; *Graves* v *Rayle*, 19 Ind. 83 ; *Vanduzer* v. *McMillan*, 37 Ga. 307.

2. It is not a sufficient answer to an application to continue a case because a material witness is absent, that the deposition of such witness, he living more than one hundred miles from the court, can be taken *de bene esse.* Upon such application the court will not in every case, even if it has the power, require the party applying to disclose the matters of fact which such witness would testify to. *Symes' Lessee* v. *Irvine*, 2 Dall. 383.

3. Absence on account of sickness or engagement in an-. other court of leading counsel gives ground for continuance. *Summerlin* v. *Dent*, 36 Ga. 54 ; *Hill* v. *Clark*, 51 Ga. 122 ; *Schultz* v. *Moore*, 1 McLean, 334 ; *Thompson* v. *Thornton*, 41 Cal. 626 ; *Cutler* v. *Rice*, 14 Pick. 494.

*Mr. J. J. Darlington* for the appellee :

The question of granting or refusing a continuance is one lying exclusively in the discretion of the trial court, the exercise of which discretion is not the subject of review by appellate tribunals. *Wood* v. *Young*, 4 Cranch, 237 ; *Wright* v. *Hollingsworth*, 1 Pet. 168 ; *Barrow* v. *Hill*, 13 How. 54 ; *Thompson* v. *Seldon*, 20 How. 194.

Mr. Justice SHEPARD delivered the opinion of the Court :

The postponement or continuance of a cause, in the courts of the United States, when at issue and regularly called for trial, has, like the allowance or refusal of amendments, or the granting or refusing of new trials, been generally regarded as a matter addressed peculiarly to the sound discretion of the trial court, the decision in which is not subject to review in the appellate court. Indeed it has been expressly held that error cannot be assigned upon the refusal to continue a cause. *Wood* v. *Young*, 4 Cranch, 237 ; *Barrow* v. *Hill*, 13 How. 54 ; *Thompson* v. *Seldon*, 20 How. 195, 198 ; *Wright* v. *Hollingsworth*, 1 Pet. 165, 168.

The question in this last case was on an order of the trial court permitting an amendment to the declaration, by adding a new count, which made a material change in the character of the suit. Treating that matter and the question of the granting or refusing of new trials and of motions to continue as all within the discretion of the trial court, it was said by the court: " This, it is true, may occasionally lead to peculiar hardships ; but, on the other hand, the general inconvenience of this court attempting to revise and correct

all the intermediate proceedings in suits, between their commencement and final judgment, would be intolerable."

It may be, as contended on behalf of the appellant, that the rigor of the old rule has been somewhat modified, and that in a case where there has been manifest abuse of its discretion by the trial court, resulting in material injury, its action in refusing to continue may be reviewed on appeal. The case cited in support of this contention (*Means* v. *Bank of Randall,* 146 U. S. 620, 629) does not directly so decide, though the doctrine may possibly be inferred therefrom.

The decision of the point is not now necessary, and we will pass it, because it is quite clear that there has been no abuse of discretion in this instance. The case had been set down for trial more than a month before. Defendants must be charged with knowledge that it would be called on the day set, as well as that Mrs. Bradshaw would not be able to attend the trial. ·The case had been once tried, and she had not been called as a witness. From the evidence given by her husband, it is hardly possible that she would have given any testimony on the one material issue of the case, viz., the character of the possession of the property prior to the year 1877, when she purchased, and when, according to the plaintiff's own proof, his adverse possession was broken. But, without regard to any other consideration, it was the defendants' duty to support their motion by an affidavit setting out substantially the particular facts to which the absent party would testify, if given the opportunity, so that the court, to whom the motion was addressed, might be fully advised with regard to their materiality and competency. To state merely, as was done, that testimony " is material, proper and competent," is not sufficient. Whether testimony is material, proper and competent, is for the judgment of the court, and not of the parties and their counsel.

The court might well have overruled the motion on account of this defect in the affidavit; but instead of doing

so, it offered the opportunity to defendants' counsel, to state orally what facts he expected his absent client would be able to testify to. The reply to the question propounded by the court was, that counsel was unable to make a statement. Considering the action of the court as before us for review, we would set a very dangerous precedent were we to hold that a case ought to be continued upon such a showing as was made in this case.

It is only necessary to say that the other assignments of error are not well taken. They require no discussion.

The judgment must be affirmed, with cost to the appellee ; and it is so ordered.

*Judgment affirmed.*