## HERMAN v. UNITED STATES.
### No. 5988.

Circuit Court of Appeals, Fifth Circuit.
April 7, 1931.
Rehearing Denied May 1, 1931.

W. D. Girand, of Lubbock, Tex., and Cleo G. Clayton, of Amarillo, Tex., for appellant.

Norman A. Dodge, U. S. Atty., and Morrow H. Boynton, Asst. U. S. Atty., both of Fort Worth, Tex.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

BRYAN, Circuit Judge.

Appellant was convicted of violations of the National Prohibition Act (27 USCA) as charged in the third and fourth counts of the indictment. The third count charged him with unlawfully having in his possession 362 gallons of whisky for beverage purposes; the venue being laid in Lamb county, Tex., which it was alleged was in the Amarillo Division of the Northern District of Texas. The fourth count charged appellant with maintaining a common nuisance. According to the evidence for the government, appellant's son, on April 22, 1930, sold at one time to two purchasers two half-gallon jars of liquor which were taken out of the cellar of appellant's home. One of the purchasers was a Texas State Ranger, who returned with a search warrant on April 25, and, upon a search of the cellar, found and seized the quantity of liquor described in the third count of the indictment. The whole 362 gallons were concealed behind a false wall, the secret door to which was electrically locked, and at the time of the seizure were acknowledged by appellant to be his property. The defense to the charge of unlawful possession was that the liquor had been put in appellant's cellar during his absence from home and without his knowledge or consent. In support of this claim, the sheriff's son was called as a witness, and testified that on April 24 appellant came to the home of the sheriff, who was absent at the time, and reported to his mother, the sheriff's wife, that there was some whisky at his (appellant's) house. Appellant offered to prove by this witness that he said he objected to having the whisky left on his premises, and wanted the whisky left on his premises, and wanted

the sheriff to come and get it, but the court refused to let in that part of the proffered testimony.

 A variance is claimed because it is said the indictment charged appellant with the unlawful possession of liquor in the Amarillo division, whereas the possession proved was in the Lubbock division. The indictment also charged that the offense was committed in Lamb county, Tex., which we take judicial notice is in the Lubbock division. 28 USCA § 189a. The inadvertent, erroneous allegation that Lamb county is in the Amarillo division is not descriptive of the offense, and is therefore to be treated as surplusage. 2 Bishop's Criminal Procedure, § 45.

 Appellant was permitted to prove that he reported to the sheriff's wife the fact that there was liquor on his premises as indicating a consciousness of innocence. Wigmore on Evidence, §§ 174, 293. There was no error in refusing to allow him to go further and prove the self-serving declaration that he did not want the liquor on his premises, but desired the sheriff to come and get it. It is argued that the evidence was insufficient to support a conviction under the fourth count for maintaining a nuisance; but the sufficiency of the evidence under this count was not raised at the trial, and therefore is not properly presented for consideration here. We are of opinion, however, that there was evidence enough to prove the maintenance of a nuisance when it is considered that the two sales proved were made from a large supply of liquor which the jury were authorized to find appellant was keeping in his cellar for sale. Lewinsohn v. United States (C. C. A.) 278 F. 421; Denapolis v. United States (C. C. A.) 3 F.(2d) 722.

 It is also complained that the court failed to give a charge on the law of circumstantial evidence. The case did not depend entirely on evidence of this character, since there was direct evidence of the admission by appellant that the liquor found in the cellar belonged to him. It is not error to refuse to charge a jury upon the insufficiency of a part of the testimony. Blanton v. United States (C. C. A.) 213 F. 320, Ann. Cas. 1914D, 1238; 16 C. J. 1008. Besides, there was no request for a specific instruction on the law of circumstantial evidence; hence the court cannot be put in error for failing to give an instruction on that subject of its own motion. Gilmore v. United States (C. C. A.) 39 F.(2d) 897. Such

charges as were requested upon the weight of the evidence were in substance given by the court in its general charge to the jury.

The judgment is affirmed.