**THACKER v. UNITED STATES.**

No. 11611.

Circuit Court of Appeals, Fifth Circuit.

June 22, 1946.

J. L. Davis and Wm. A. Ingram, both of Cartersville, for appellant.

Allen E. Lockerman, Asst. U. S. Atty., of Atlanta, Ga., for respondent.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Convicted on four counts of an indictment charging unlawful possession and concealment of 335 gasoline ration coupons of the aggregate value of 1675 gallons, appellant was sentenced generally on all the counts to serve one year and one day in the custody of the attorney general.

The first and second counts charged violation of Sec. 101, Title 18 U.S.C.A. Both counts alleged that the coupons had been stolen from the First National Bank of Cartersville, Georgia, an agent of the Office of Price Administration, and that the defendant knew them to be stolen. Count one charged him with receiving and concealing them. Count two charged that he had them in his possession with intent to convert them to his own use.

The third and fourth counts charged violations of Title III, Section 2(a) (5) of the Second War Powers Act of 1942, 50 U.S.C.A.Appendix, § 633, General Ration Order No. 8, and Ration Order 5(c). The charge of the third count was unlawful possession of gasoline ration coupons, not acquired by or issued to him in accordance with the provisions of the Ration Order. The fourth count charged possession of said coupons without an appropriate folder identifying such coupons.

Appellant specifying five errors, is here seeking reversal. The first two deal with

the admission into evidence: (1) of the 12 gummed slips on which the ration coupons were pasted, showing the stamp of the First National Bank of Cartersville thereon; and (2) of deposit slips of the bank offered as dealing with said coupons. The third and fifth counts complain of the verdict as contrary to the evidence. The fourth count charges that the verdict is without support in the evidence.

We do not sit to weigh evidence. The third and fifth specifications present nothing whatever for our review. Neither does the appellant stand any better on his fourth specification. Though he does complain that the verdict is without any evidence to support it, no motion was made for a directed verdict, and the question of the want of evidence is, therefore, not properly raised for our review.[1] Specifications three, four and five standing thus, it is plain that, unless the first and second specifications dealing with objections to evidence present reversible error or the record plainly shows such absence of proof of guilt that the conviction is patently unjust, the verdict and judgment must stand.

We agree with the government that the admission into evidence of the challenged coupons and deposit slips was not reversible error. It was competent for the government to offer these papers with their accompanying indorsements as a part of the records of the bank made in the regular course of business in connection with the testimony of Mr. Shadden, the Vice-President, in explanation and support of them and their contents. Appellant cites no authority, we think none can be found, which supports his position that their introduction was error. Nor when we examine the record is appellant found to be, in any better case on his claim that the record is devoid of evidence that the coupons were stolen from the First National Bank, that he knew they were stolen, and that the verdict and judgment is therefore unjust. It is true that no one gave direct testimony that the coupons were stolen from the bank. It is also true that no one testified to having delivered them

to appellant or having seen them in his possession. But it is not necessary to a conviction that the elements of the offense be proven by direct evidence. Circumstantial though the evidence was, it may not be doubted on this record that these coupons were in the bank's possession shortly before they were found in the closet in appellant's room and that they were feloniously taken from its custody. It was, of course, arguable to the jury that the coupons, though found in appellant's room and closet, were not in his possession and that in the light of appellant's testimony denying knowledge of them, the evidence was insufficient to convict him. But this was an argument of fact and not of law which the jury has resolved against him on evidence amply sufficient to support the verdict.

No reversible error appearing, the judgment is affirmed.

---

[1] Herman v. United States, 5 Cir., 48 F.2d 479; Jordan v. United States, 5 Cir., 120 F.2d 65; Ansley v. United States, 5 Cir., 135 F.2d 207.