**J. E. HANGER, Inc., et al. v. UNITED STATES.**

**No. 9306.**

United States Court of Appeals District of Columbia.

Argued Nov. 25, 1946.

Decided Jan. 27, 1947.

Mr. Russell Hardy, of Washington, D. C., with whom Mr. Joseph A. ·Carey, of Washington, D. C., was on the brief, for appellants.

Mr. George B. Haddock, Sp. Asst. to Atty. Gen., with whom Mr. George Wendell Berge, Asst. Atty. Gen., was on the brief, for appellee. Mr. Maurice Godin, of New York City, was allowed to appear for appellee, pro hac vice, by special leave of court. Mr. Charles S. Weston, Attorney, Department of Justice, of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTY-MAN, Associate Justices.

WILBUR K. MILLER, Associate Justice.

On November 14, 1945, an indictment was returned in the District Court of the United States for the District of Columbia against eighty corporate and individual defendants resident in many states and in the District of Columbia. They were charged with having been engaged since 1933 in a conspiracy to fix the prices of artificial limbs in violation of §§ 1 and 3 of Title 15 U.S.C.A., Sherman Anti-Trust Act. These defendants, except for one which was a trade association composed of certain of the other defendants, were manufacturers of artificial limbs or parts therefor or suppliers to such manufacturers. The record shows that the operations of the defendants were relatively small and that in many instances the proprietors were amputees. Due to the fact that the maker of an artificial limb and the purchaser must be brought together, in order that the fit may be as nearly perfect as possible, and in order that adjustments may be made from time to time, such businesses are necessarily somewhat local in nature and limited in possible volume of sales. Contrary to the usual order of things, the manufacturers are small· but most of the purchasers are

large, in that the principal customers are the Veterans Administration, rehabilitation agencies of the several states, and railroad and insurance companies.

Sixty-three of the defendants entered pleas of nolo contendere to the count of the indictment which charged a conspiracy in restraint of trade and commerce between the states and the District of Columbia. As to nine defendants, the indictment was dismissed upon motion of the government. The remaining eight, including five corporations and three individuals, were tried to the court without a jury, and were found guilty under the second count of the indictment. They are the appellants here.

At a pre-trial conference, government counsel indicated that at least ten days would be required for the presentation of the evidence for the prosecution. When the trial came on, contrary to that prediction, the government rested after about two and one-half days of testimony. Thereupon counsel for the defendants requested that the case be recessed over Thursday and Friday, the remaining court days in the week, until the following Monday in order that he might have an opportunity to marshal his witnesses. Among them, he asserted, were many of the seventy-two defendants who had pleaded nolo contendere or had been dismissed, and had left, or had not come to, Washington.

At the pre-trial conference the trial judge had said, "If it developed during the course of the trial they had to have someone here to contradict the testimony of the witness, I certainly would not hesitate to give them an opportunity to get the witness even if it delayed the trial a week, or ten days." In spite of this assurance the appellants' motion for a continuance of two days was overruled. They then moved for leave to take the depositions of the witnesses and that motion also was denied. The appellants' counsel then stated, "If Your Honor please, that renders me helpless in the defense of these defendants, and I have nothing else that it is possible for me to submit." Immediately thereafter the court found each of the defendants guilty. Later he announced that he would be in Washington on the following Monday. The court's refusal to grant the continuance is assigned as error.

■ Ordinarily to grant or refuse a continuance is within the discretion of a trial court, and that discretion will not be disturbed by an appellate court unless it has been plainly abused. In this case it seems clear that there was an abuse of discretion and that it was prejudicial error to deny the brief continuance sought when the appellants were taken by surprise at the sudden termination of the government's evidence.[1]

The appellants also complain that the District Court erred in depriving them of the right to cross-examine one James Edward Dellinger, an employee of one of the corporate appellants, who testified for the government. The prosecution sought to prove by him that certain government exhibits came from his employer's files. His direct examination covers about seven pages of the typewritten transcript. Although the trial judge said to Dellinger, "Mr. Witness, you are a reluctant witness," he later said, "I don't think there is a bit of doubt about this being taken from the Hanger file, * * *." Moreover, at the conclusion of the direct examination of Dellinger, the judge stated, "Of course it is very apparent from this witness' testimony and Mr. Feller's testimony that they know these are instruments from that place and that they are reluctant witnesses to testify as to the truth about it." So, Dellinger's testimony was regarded by the court as tending to accomplish the purpose for which the government introduced him. But when counsel for the appellants sought to cross-examine Dellinger, he was denied the right to do it. The colloquy on the subject between the court and counsel is shown in the margin.[2]

[1] Guardian Assurance Co. v. Quintana, 227 U.S. 100, 33 S.Ct. 236, 57 L.Ed. 437; Bradshaw v. Scott, 7 App.D.C. 276; Harrah v. Morgenthau, 67 App.D.C. 119, 89 F.2d 863.

[2] "The Court: You may go ahead.

(Addressing government counsel.) Where is your man that got those instruments?

"Mr. Godin: I don't see him in court.

"The Court: Have him here. Let's excuse this witness (Dellinger) now. He won't be helpful to you.

Just as in Alford v. United States,[3] "the trial court cut off in limine all inquiry on a subject with respect to which the defendant was entitled to a reasonable cross-examination. This was an abuse of discretion and prejudicial error."

 Cross-examination is a matter of right and not a mere privilege.[4] In Lindsey v. United States, 77 U.S.App.D.C. 1, 133 F.2d 368, 369, Mr. Justice Stephens, speaking for this court, analyzed the decisions concerning the right to cross-examine and clearly stated the rules deducible therefrom. "It is often stated," said the court in the course of that opinion, "that the control of cross-examination is within the discretion of the trial judge, but it is only after a party has had an opportunity substantially to exercise the right of cross-examination that discretion becomes operative."

Because it is our opinion that the trial judge abused his discretion and acted arbitrarily and in a manner prejudicial to the substantial rights of the appellants in refusing to grant a brief recess and in denying the right of cross-examination, we reverse the judgments without stopping to notice the several other assignments of error.

Reversed.

---

"Mr. Godin: All right. We will excuse this witness.

"Mr. Hardy (counsel for defendants): May I ask him some questions?

"The Court: No, sir. You may later, if you see fit.

"Mr. Hardy: I would like to cross-examine him.

"The Court: I am not going to let you do it at this time. Have your other witness here and proceed with the other witnesses. I will let you do it later.

"Mr. Hardy: May we—

"The Court: Now, Mr. Hardy, you have an objection. You won't complain about an ample opportunity to examine as soon as we get through here, but this man Dellinger has testified to very little on his direct. He identified three or four—added a little to the further identification—and I am not going to waste any time on cross-examination. You will have to take your exception.

"Call your next witness.

"Mr. Godin: I would like to recall Mr. Feller for just one question.

"The Court: All right.

"Mr. Hardy: If Your Honor pleases, may I make an offer for the cross-examination of this witness?

"The Court: No; when we get through, if I have overlooked giving you a fair trial, you call it to my attention. But we are not going to waste any time. That man didn't help the case a bit. If you want to put him on as your witness, you can put him on at any time.

"Mr. Hardy: If Your Honor pleases, I think he could help all right. I think he could help my case.

"The Court: Put him on then, at the proper time.

"Mr. Hardy: I have the right to cross examine, do I not?

"The Court: You do not now, and it is your exception.

"Mr. Hardy: All right.

"The Court: That is the way we are going to try the case."

3 282 U.S. 687, 51 S.Ct. 218, 220, 175 L.Ed. 624.

4 Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624; The Ottawa, 3 Wall. 268, 271, 18 L.Ed. 165; Lindsey v. United States, 77 U.S.App.D.C. 1, 133 F.2d 368; Heard v. United States, 8 Cir., 255 F. 829.