## DAVENPORT v. UNITED STATES.

### No. 13908.

United States Court of Appeals Fifth Circuit.

June 12, 1952.

Rehearing Denied July 14, 1952.

James H. Martin, Joe H. Jones, Dallas, Tex., for appellant.

Frank B. Potter, U. S. Atty., Lester L. May, Asst. U. S. Atty., Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Convicted of the purchase of narcotics in violation of Sec. 2553(a), Title 26 U.S.C., and sentenced to a term in the penitentiary, defendant, here seeking a reversal of the judgment, puts forward four grounds[1] of error.

---

1. There are:
   1. Abuse of discretion on part of court in denying motion for continuance.
   2. Errors of the court in admitting illegal, prejudicial and hearsay evidence over the timely objection of appellant.
   3. Insufficiency of the evidence.
   4. Inadequacy of court's charge.

■ Of the first, the denial of the motion for continuance, it is sufficient to say: that the granting or refusal of a continuance is within the sound discretion of the court and not subject to review in the absence of a clear showing of abuse. U. S. v. Glasser, 7 Cir., 116 F.2d 690; J. E. Hanger, Inc., v. U. S., 81 U.S.App.D.C. 408, 160 F.2d 8; and that no prejudice to appellant from the refusal is shown.

■ The second, while quite general in its statement, is in the brief confined to two matters. One of these, having to do with permitting the arresting officer, over the objection that it was immaterial and a conclusion, to testify as to the common use in connection with narcotics of a "finger stall" found in the bottle which contained the narcotics, is, we think, wholly wanting in merit. The testimony was neither immaterial nor a conclusion. The witness was not asked to give his opinion as to the use made or intended to be made of the particular finger stall found. In connection with his testimony as to finding it, he was asked, and testified, as to the nature and uses of finger stalls as he had observed them in his work as a narcotic officer. The answers made were relevant and factual, and it was not error to admit them in evidence.

■ The second of the testimonial errors claimed in the brief, that the search of the premises was illegal, and the evidence obtained thereby inadmissible, finds no support in the record.

■ In the first place, the search was by state officers and while it was contended that they were acting in concert with federal officers, there was no proof that they were. In the second place, they had a search warrant. It is true that in his brief, appellant seeks to make the federal rule,[2] that a search warrant, unless so providing on its face, may not be executed at night and that this search warrant, though not authorizing it, was served at night. He did not, however, make this objection below, for the reason, no doubt, that this was not a federal but a state search, and the federal rule excluding evidence so obtained was not applicable.

■ On his second and third grounds of error, appellant stands no better. Not having moved below for a directed verdict, a challenge of the verdict for insufficiency of the evidence is not open to him here. For the same reason, that the complaint he now makes of the charge was not made below, he cannot make it here.

■ But these barriers in the way of relief from the judgment on these grounds aside, appellant can take nothing by his appeal, for the evidence was sufficient to support the verdict, and no prejudicial error in the charge is made to appear.

The judgment is affirmed.

---

2. Johnson v. U. S., 6 Cir., 46 F.2d 7, 9; Davis v. U. S., 5 Cir., 35 F.2d 957; Rule 41, Federal Rules of Criminal Procedure, 18 U.S.C.