**WILLIE v. UNITED STATES.**

No. 14642.

United States Court of Appeals
Fifth Circuit.

June 9, 1954.

Rehearing Denied July 22, 1954.

———————

F. Irvin Dymond, New Orleans, La., for appellant.

Hilary J. Gaudin, Asst. U. S. Atty., M. Hepburn Many, Asst. U. S. Atty.,

George R. Blue, U. S. Atty., New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

PER CURIAM.

Charged in an indictment in three counts with having made false statements to a government agency in connection with his operation of the Louisiana State College of Mortuary Science, defendant was found guilty as charged.

Appealing from the judgment sentencing him to the custody of the Attorney General for a period of one year, appellant is here presenting for our consideration a single ground of error.[1]

Conceding that no motion for acquittal was filed or other request for a directed verdict was made on defendant's behalf, and that the rule is that, in the absence of such motion or request, an assignment of error that the evidence is insufficient to support the verdict and judgment presents nothing for our consideration, appellant urges upon us that this case falls within a recognized exception to the rule. This exception is that where the record plainly shows that there is no evidence at all in support of the record or such a paucity of it as to show a miscarriage of justice, the court will relieve against the judgment of conviction by reversing it and discharging the defendant or at least remanding the cause for trial anew.[2]

The United States, in its turn, conceding that if the record made the showing contended for by appellant, this court could and would, notwithstanding the defendant's failure to move for a verdict, relieve him from the judgment, in-

1. "It is not contended by the appellant that any prejudicial errors were committed by the Trial Judge upon the trial of this case. This appeal is based solely upon the contention that the guilt of the accused was not proven beyond a reasonable doubt. That the evidence taken as a whole is more consistent with innocence than with guilt and that the er-

ror committed was committed by the jury in returning a verdict of 'guilty as charged' in the absence of sufficient evidence to sustain such a verdict."

2. Gillette v. U. S., 8 Cir., 236 F. 215; Sykes v. U. S., 8 Cir., 204 F. 909; Wright v. U. S., 10 Cir., 227 F. 855; Lambert v. U. S., 5 Cir., 101 F.2d 960.

sists that the record wholly fails to make out such a case. It, therefore, urges upon us that what appellant is in effect asking us to do here is to ignore the rule established by the cases,[3] and, proceeding as though the requisite motion had been made below, search the record for error, and that this, under settled law, we should not, indeed may not, justly do.

A study of appellant's brief and a reading of the record leaves us in no doubt that it is apparent on the face of the record that there is not presented here such a condition of "unfairness and injustice" as would require us to correct an obvious miscarriage of justice and that we may not be required to, indeed we ought not to, subject the record to the intensive scrutiny and search which would be required of us if appellant had, as he should have done, tested the evidence below by a motion for a directed verdict.

No reversible error appearing, the judgment must be, and it is hereby, affirmed.

3. U. S. v. Powell, 7 Cir., 155 F.2d 184; Davenport v. U. S., 5 Cir., 197 F.2d 157; Thacker v. U. S., 5 Cir., 155 F.2d 901; Herman v. U. S., 5 Cir., 48 F.2d 479; Ansley v. U. S., 5 Cir., 135 F.2d 207.