James BASS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17257.

United States Court of Appeals Eighth Circuit.

Jan. 22, 1964.

Samuel Raban, St. Louis, Mo., made argument and filed brief for appellant.

John Newton, Asst. U. S. Atty., St. Louis, Mo., made argument for appellee and filed brief with Richard D. Fitz-Gibbon, Jr., U. S. Atty., St. Louis, Mo.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and HANSON, District Judge.

HANSON, District Judge.

This is an appeal from a conviction in a criminal case. The defendant was charged in one Count which reads:

"That on or about the 21st day of August, 1962, in the City of St.

Louis, in the State of Missouri, within the Eastern Division of the Eastern District of Missouri, James Bass did unlawfully acquire from a person whose name is to the Grand Jury unknown a certain quantity of marihuana, to wit, 467 grams, 640 milligrams, more or less; he, James Bass, being a transferee required to pay the transfer tax imposed by Section 4741(2), Title 26, United States Code, not having paid said tax imposed by said Section 4741(a). In violation of Section 4744(a), Title 26, United States Code."

At the trial there was testimony that James Snokhous, a Treasury Agent, went to an apartment at 5963 Oakherst Place, St. Louis, Missouri, and arranged to have Robert Vaughn call the defendant on the telephone in an attempt to get reefer from the defendant. Later the defendant came to the apartment in a cab. Shortly thereafter, the defendant was arrested and a bag containing marihuana was discovered. The cab driver, Clarence Butts, testified that the defendant asked to be taken from the corner of Sarah and St. Louis to 5963 Oakherst and that the defendant told him another man was expected. Shortly thereafter, the defendant directed the cab driver to pick up Vernell Booker at a point about one-half of a block from where the defendant got into the cab. The defendant rode in the back seat and Mr. Booker rode in the front seat with the cab driver. There was evidence that it was Mr. Booker who put the marihuana in the cab and the marihuana was found in the front seat of the cab. The defendant was arrested shortly after he arrived at 5963 Oakherst and while the cab, the driver, and Mr. Booker were still at that address. There was strong evidence that the defendant intended to sell the marihuana to James Snokhous.

The Government relied, at least in part, upon the law that proof that any person had in his possession any marihuana and failed after reasonable notice and demand to produce the required order form is presumptive evidence of guilt.

The defendant in this appeal raised the following contentions:

1. The evidence was insufficient to support a verdict of guilty. The defendant's "Motion for a Judgment of Acquittal" should have been sustained.

2. The Government failed to establish affirmatively that the marihuana in the actual possession of Booker and introduced as evidence, was contraband or illegal.

3. Proof of possession of a narcotic drug in defendant may not be established by circumstantial evidence when the undisputed direct proof establishes possession continuously in some other person (Booker).

4. The arrest of defendant was illegal, without probable cause, and without a warrant for his arrest and it was error not to sustain defendant's "Motion to Quash the Indictment."

5. The Court in error and to the prejudice of the defendant permitted the Government to elicit and introduce into evidence, hearsay and improper testimony and evidence over the objections of the defendant.

6. The Court in error and to the prejudice of the defendant restricted the defendant in his cross-examination in various aspects, preventing the defendant from eliciting relevant facts and testimony and thereby deprived the defendant of a fair trial.

■■ It is settled law that knowledge of presence plus control over the marihuana amount to possession sufficient to raise the presumption of guilt of the defendant. Evans v. United States, 9 Cir., 257 F.2d 121; People v. Antista, 129 Cal.App.2d 47, 276 P.2d 177; Guevara v. United States, 5 Cir., 242 F.2d 745, 746. Mere proximity to the narcotic, or mere association without more with a person having control over the narcotic or mere presence on the property where the narcotic is found is not sufficient proof of possession. In ap-

plying this rule to the facts of the present case, it is clear that there is strong evidence that the defendant had knowledge of the marihuana and that the defendant was controlling it. The defendant was bringing the marihuana or causing it to be brought to 5963 Oakherst Place to be sold. There was much more than mere proximity to the marihuana or presence in the premises where the marihuana was found. Also there was much more than mere association with Mr. Booker. There is strong evidence that the defendant either controlled Mr. Booker or that the defendant and Mr. Booker were in joint control over the marihuana. The evidence is clear that it was the defendant alone who had control over the cab by his directions given to the driver.

■ In Evans v. United States, supra, People v. Antista, supra, and Arellanes v. United States, 9 Cir., 302 F.2d 603, the courts held that control over the apartment or automobile where the narcotic is found is strong evidence of control over the narcotic. It does not have to be exclusive control over the premises if there is other evidence to show control over the marihuana. Other cases on this point are Richards v. United States, 107 U.S.App.D.C. 197, 275 F. 2d 655; Braswell v. United States, 5 Cir., 200 F.2d 597; Manning v. United States, 5 Cir., 274 F.2d 926 (This case was reversed on a different point as indicated in 5 Cir., 280 F.2d 422. This was done in light of Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L. Ed.2d 1669, and Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688.) Power to dispose of the narcotic and power to produce the drug is evidence of control. Arellanes v. United States, supra; Hernandez v. United States, 9 Cir., 300 F.2d 114. The possession may be joint. Wilson v. United States, 10 Cir., 218 F.2d 754; Gallegos v. United States, 10 Cir., 237 F.2d 694.

■■ The appellant's second contention is that Booker had actual possession of the marihuana and that the Government never proved that Booker did not have lawful possession. However, the evidence would support a finding that Booker was not the one who had the control over the marihuana. It was in the cab where either the defendant or Booker had access to it. There was evidence that the defendant was intending to effect its sale. The evidence would also sustain a finding of joint control. Control may be received through an agent. Wilson v. United States, supra; United States v. Santore, 2 Cir., 290 F.2d 51; Rodella v. United States, 9 Cir., 286 F. 2d 306; Hernandez v. United States, supra; Teasley v. United States, 9 Cir., 292 F.2d 460. In the present case, there was considerable circumstantial evidence tending to show that Booker did not have lawful possession and this is a fact which may be established by such evidence. Grabenheimer v. United States, 6 Cir., 194 F.2d 447; Symons v. United States, 9 Cir., 178 F.2d 615. These cases are not factually the same as the present in that it was the defendant in those cases whose unlawful possession was established by evidence other than by refusal to produce the required documents. Nonetheless the basic issue is the same and the evidence did tend to show Booker's unlawful possession. Other cases on this issue are Gondron v. United States, 5 Cir., 256 F.2d 205; Manning v. United States, supra.

■■ The defendant's contention is that if there is lawful possession in Booker, there could not be unlawful possession in the defendant. In the present case, this contention is answered by the fact that there is substantial evidence that the marihuana was contraband and the possession in Booker was unlawful. The defendant cites Griego v. United States, 10 Cir., 298 F.2d 845, but in the present case there is no claim that any presumption was made conclusive or that the defendant was denied the right to offer evidence to rebut any presumption. In United States v. Mills, 3 Cir., 293 F.2d 609, cited by defendant, the court held there was insufficient proof of the heroin in question. The present case

888

is factually different. The defendant cites Perez v. United States, 5 Cir., 297 F.2d 12, which was reversed because of an error in the instructions. That case stands for the rule that both control and knowledge are necessary for possession.

■■■ The defendant's third contention is that where Booker was in continuous possession of the marihuana, possession of the same marihuana by the defendant may not be established by circumstantial evidence. There are many cases saying that constructive possession may be established by circumstantial evidence. United States v. Santore, supra; Teasley v. United States, supra; Hernandez v. United States, supra (dicta); Williams v. United States, 9 Cir., 290 F. 2d 451; Rodella v. United States, supra; Evans v. United States, supra; Johnson v. United States, 9 Cir., 270 F.2d 721. No cases say that circumstantial evidence cannot be used to show constructive possession if its sufficiency is established. The statement in United States v. Landry, 7 Cir., 257 F.2d 425, that "But no court, so far as we are aware, has held that proof of possession by one person may be established by circumstantial evidence when the undisputed direct proof places that possession in some other person" is an inaccurate statement if the court meant to say that constructive possession cannot be established by circumstantial evidence. Evidently, what that court meant is that when possession is solely in one person, circumstantial evidence would be insufficient to show possession in another. In the present case, there was certainly evidence to find that possession was not solely in Booker. In Teasley v. United States, supra, that statement in United States v. Landry was distinguished on that basis. United States v. Wainer, 7 Cir., 170 F.2d 603, does not stand for the proposition urged by the defendant. Cellino v. United States, 9 Cir., 276 F.2d 941, holds that constructive possession may be established by circumstantial evidence. In United States v. Mills, supra, the court approved the rule that constructive possession may be shown by circumstantial

evidence. The rule on the weight and sufficiency of circumstantial evidence was decided by this Circuit in Finnegan v. United States, 8 Cir., 204 F.2d 105. There the court said 204 F.2d at p. 114:

"It is strenuously urged that the guilt of the defendant rests solely on circumstantial evidence, and accordingly the rule requiring that the circumstances be not only consistent with the guilt of defendant but be inconsistent with any other reasonable theory than that of guilt and that if the circumstances are as consistent with his innocence as with his guilt, the motion for judgment of acquittal should have been granted. The rule, however, is applicable only where the evidence is wholly circumstantial and if there is any direct evidence in the case for the government which would be sufficient if believed by the jury to show defendant's guilt, then the rule as to circumstantial evidence may not be invoked."

■■■ The fourth point raised by the defendant is that the arrest of the defendant was illegal, without probable cause and without a warrant for his arrest. Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed, e. g., Cochran v. United States, 8 Cir., 291 F. 2d 633.

■■■ The basis for the defendant's argument is that knowledge based on statements of an informer who is not known to be reliable is not sufficient, United States v. Smith, 2 Cir., 308 F.2d 657, and that the evidence subsequently found in the taxi cab would not be sufficient. Cochran v. United States, supra. Even if this is correct, it does not control the present situation. However, as was shown in United States v. Smith, supra, where the officers have the word of an informer, even though his reliability was not proven, plus other circumstantial evidence tending to show guilt, there is probable cause for the arrest. In this

case, there were sufficient other circumstances. The fact that the defendant came to 5963 Oakherst Place shortly after the telephone call, and the call itself which the officer listened to were circumstances important in determining probable cause. United States v. Smith, supra; Spurlock v. United States, 9 Cir., 295 F.2d 387. This was also a basis for the officer to find the informer reliable. See United States v. Irby, 4 Cir., 304 F.2d 280. Also the defendant's conduct when he arrived at 5963 Oakherst Place and his attempt to get away are circumstances important in determining probable cause.

The defendant's fifth contention is that the Government was permitted to elicit evidence which was hearsay and improper over the objections of the defendant. The only hearsay which the defendant has shown to have been introduced into evidence was Snokhous' statement that "Vaughn told Bass that I was the man that wanted the marihuana. He further told Bass that he, Vaughn, had the money, and that he is ready to deal. And he then asked Bass where did he have the marihuana." The objection was interposed after the answer was in. The court very shortly thereafter struck this evidence from the record. There was no error in that regard. See Isaacs v. United States, 8 Cir., 301 F.2d 706, 734.

The testimony as to the statements of the defendant were oral admissions against interest and were admissible on that basis. Isaacs v. United States, supra, 301 F.2d p. 734. There would not be much question about the statements being against interest at the time made, as the defendant's statements tended to show he was guilty of a crime. See also Segal v. United States, 8 Cir., 246 F.2d 814, 818.

The court did not give the usual instruction as to oral admissions. The defendant did not submit or request such instruction, but he now raises the issue. That question was answered in Stapleton v. United States, 9 Cir., 260 F.2d 415, 419:

"Several Government witnesses testified as to statements made by Stapleton concerning the circumstances under which he acquired possession of the stolen property. They also testified concerning offers by him to make 'deals' in connection with the prosecution of this case. The trial judge did not instruct the jury that the oral admissions of a party are to be viewed with caution. Such an instruction is required in all proper cases by Title 58, Chapter 5, Section 1, A.C.L.A.1949. Although appellant neither requested such an instruction nor objected to its omission, he now asks that we reverse his conviction on the ground of plain error under Rule 52(b), Federal Rules of Criminal Procedure. 18 U.S.C.A.

"We have carefully examined the entire record, and we are satisfied that no plain error was committed. Unlike Stephenson v. United States, 9 Cir., 1954, 211 F.2d 702, [53 A.L.R. 2d 812,] this is not a case in which the appellant was connected to the offense charged solely by his own admissions. Here there were many other circumstances which tended to connect Stapleton with the theft of the property. The camp was in a secluded area; he was in that area at the time of the theft; he had knowledge of the property on the float; he made frequent calls at the float; he had the stolen goods in his possession about a month after the theft; and he later sold these goods. Under the circumstances of this case, we see no reason to relieve appellant of the consequences of his failure to raise this point at the trial stage by considering it now under the claim of plain error. Herzog v. United States, 9 Cir., 1956, on rehearing, 235 F.2d 664, 666–667; original opinion, 9 Cir., 1955, 226 F. 2d 561."

See Franano v. United States, 8 Cir., 310 F.2d 533, 539; Charles Evans v. United States, 325 F.2d 596 (8th Cir.); Gendron v. United States, 8 Cir., 1961, 295 F.2d 897, 902.

■ The defendant also objected that the court made a prejudicial comment on the evidence. That statement is as follows:

"The Court: Just a minute, Mr. Raban. I think the witness has already testified that he was familiar with Bass, and he knew he was talking to Bass, but the other part is in relation to the corpus delicti then. That, again, I will take subject to its being established. The other portion of your objection will be overruled."

The comment was correct and did not go beyond the province and the duty of the judge. It was not prejudicial error. Franano v. United States, supra. See also United States v. Redfield, 9 Cir., 295 F.2d 249, affirming D.C., 197 F.Supp. 559, and United States v. Epstein, D.C., 152 F.Supp. 583. The defendant claims this evidence was introduced prior to the time the corpus delicti was introduced, but this is a discretionary matter with the trial court and no abuse of that discretion has been shown.

The defendant's sixth contention is that the court restricted the defendant in his cross-examination, thereby depriving the defendant of a fair trial. The defendant's brief states:

"The court unlawfully sustained objections made by the government in many instances and prevented the defendant from proving to the jury and the court that the government did not have a warrant or any information from any previous reliable source upon which to base the arrest of defendant and the others in the cab or to search the cab. Also the defendant was not permitted to prove that the defendant's fingerprints were not on the bag containing the marihuana. The defendant was also not permitted to show the statement by the defendant in answer to interrogations by Federal Agents. The defendant was not permitted to prove where Vernell Booker was or if the Federal Agents knew where he was."

■■ It is clear that as to the matter of the fingerprints, the court felt it was a matter of defense and exceeded the direct examination. The reason for sustaining the objection to questions relating to the whereabouts of Vernell Booker and as to who had the package in the car is not that clear. The scope of cross-examination is largely in the discretion of the trial court and in the absence of abuse of discretion, reversal may not be had. Segal v. United States, supra. The discretion in this case had become operative. J. E. Hanger, Inc. v. United States, 81 U.S.App.D.C. 408, 160 F.2d 8; Lindsey v. United States, 77 U.S.App.D.C. 1, 133 F.2d 368.

■ The right to cross-examination is guaranteed by the Constitution and an unreasonable limitation placed on the defendant's cross-examination would require reversal. United States v. Cardillo, 2 Cir., 316 F.2d 606. A reasonable latitude must be given to the cross-examiner. Kroger Grocery & Baking Co. v. Stewart, 8 Cir., 164 F.2d 841. Defendants are entitled to full and complete cross-examination of government witnesses. Gardner v. United States, 10 Cir., 283 F.2d 580. Of course, an error of this type must be prejudicial to require reversal. This is perhaps the most serious question raised in this appeal but it is not prejudicial error. The evidence of the defendant's guilt was strong and convincing.

Affirmed.