**Melvin Leroy TYLER, Plaintiff,**

v.

**Charles PETERSON and Connie Powers,
Police Officers of the Third District of
St. Louis, Missouri, Defendants.**

**No. 69 C 405(1).**

United States District Court,
E. D. Missouri, E. D.

July 8, 1970.

Melvin Leroy Tyler, pro se.

John J. FitzGibbon, Associate City
Counselor, St. Louis, Mo., for defendants.

## MEMORANDUM OPINION AND ORDER

HARPER, Chief Judge.

Plaintiff, Melvin Leroy Tyler, pro se, brought this action against defendants, Charles Peterson and Connie Powers, for damages under 42 U.S.C.A. 1983 in the United States District Court for the Western District of Missouri, and sought leave to proceed in forma pauperis. The United States District Court for the Western District of Missouri granted leave to proceed in forma pauperis and transferred the case to this court under 28 U.S.C.A. § 1404(a). The matter is presently before the court on plaintiff's motion for summary judgment.

Plaintiff's complaint alleges many facts in detail concerning his arrest which ultimately led to his present imprisonment. Within the terms of 42 U.S.C.A. § 1983, the basic claim consists of the following allegations: That the defendants are policemen in the Third District, St. Louis, Missouri, and that the defendants arrested plaintiff without a warrant in Kansas City, Missouri, on August 6, 1968, and transported him to the Third District police station in St. Louis, Missouri. Further, plaintiff alleges that if any factual basis or legal authority existed for the arrest, the defendants did not so inform the plaintiff,

or give a reason for not doing so, even when plaintiff specifically inquired as to such.

Defendants' motion for summary judgment, supported by affidavits, specifies two grounds in support: That these defendants did not arrest plaintiff in Kansas City, but that he was arrested by policemen in Kansas City on August 5, 1968, for a violation of parole; and that if defendants' actions constituted an arrest, such arrest was lawful. Defendants do not contend that a warrant issued in St. Louis for the arrest of plaintiff was in existence at the time plaintiff was taken into the custody of the defendants in Kansas City.

The arrest of plaintiff on August 5, 1968, by Kansas City police officers was made pursuant to an arrest warrant (probation and parole violation warrant). No challenge to the arrest by Kansas City police officers is made. It is unnecessary to determine whether or not defendants' actions constituted an arrest for the reason that even if an arrest occurred defendants are entitled to summary judgment because the arrest was lawful since probable cause existed for the arrest of plaintiff by defendants.

Affidavits submitted by defendants Peterson and Powers state essentially the following facts: Officers Parks and Plaisted informed defendants that on August 3, 1968, a radio bulletin had gone out to be on the lookout for a car of a certain description involved in a robbery, and thereafter that day they observed the described car occupied by three white males. A chase followed, but the car was stopped by the three occupants. The three occupants of the car fired four shots at Parks and Plaisted. The officers returned fire but the three men escaped. All three were identified by name by the two officers one of which was plaintiff. The defendants knew that two of the identified suspects had been apprehended, and that the third, Melvin Leroy Tyler (the plaintiff) was not. Defendants knew Melvin Leroy Tyler by sight and by reputation. On August 4, 1968,

the defendants attempted to locate Melvin Leroy Tyler in St. Louis, but were unsuccessful. On August 5, 1968, defendants Peterson and Powers, under instructions, left St. Louis to go to Kansas City, Missouri, to bring one Melvin Leroy Tyler back to St. Louis, and they did in fact return to St. Louis with Tyler on August 6, 1968.

Prior to going to Kansas City, each was told by Sergeant William Fitzgerald that a warrant for the arrest of Melvin Leroy Tyler had been issued for assault with intent to kill and robbery by means of a dangerous and deadly weapon. Sergeant Fitzgerald also advised defendants that Melvin Leroy Tyler was being held on a warrant for violation of parole by the Kansas City Police Department.

Both Powers and Peterson knew the above sources to be reliable.

Defendants have attached an affidavit of Clyde Billings, District Supervisor of the State Probation and Parole Office in Kansas City, Missouri, stating that he issued the warrant for the arrest of plaintiff based upon a parole violation. A copy of the warrant, dated August 5, 1968, is attached. Defendants also attached the affidavit of Clifford Fleming of the St. Louis Police Department, stating that on August 5, 1968, he prepared and communicated through the Missouri Law Enforcement Teletype System a bulletin for the arrest of Melvin Leroy Tyler to all stations on said teletype system, including Kansas City. Copies of the communications are attached. Each broadcast identifies the suspect by name, Melvin Leroy Tyler.

It cannot be doubted that a police officer can arrest without a warrant anyone upon probable cause. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Jackson v. United States, 408 F.2d 1165 (8th Cir. 1969); Vincent v. United States, 337 F.2d 891 (8th Cir. 1966), cert. den. 380 U.S. 988, 85 S.Ct. 1363, 14 L.Ed.2d 281; State v. Craig, 406 S.W.2d 618 (Mo. 1966); State v. Berstein, 372 S.W.2d 57 (Mo.1963), cert. den. 376 U.S. 953, 84

**340**

S.Ct. 970, 11 L.Ed.2d 972, reh. den. 377 U.S. 920, 84 S.Ct. 1179, 12 L.Ed.2d 188.

Probable cause for arrest is determined upon the facts of a particular case, but probable cause exists if the facts and circumstances would warrant a prudent man in believing that an offense has been committed by the person arrested. Jackson v. United States, supra; Kayser v. United States, 394 F.2d 601 (8th Cir. 1968); Rodgers v. United States, 362 F.2d 358 (8th Cir. 1966), cert. den. 385 U.S. 993, 87 S.Ct. 608, 17 L.Ed.2d 454; Bass v. United States, 326 F.2d 884 (8th Cir. 1964), cert. den. 377 U.S. 905, 84 S.Ct. 1164, 12 L.Ed.2d 176; State v. Novak, 428 S.W. 2d 585 (Mo.1968); State v. Berstein, supra.

In the present case, plaintiff answered the description, including the name, of the person described in the police radio broadcast. Defendant police officers had personal knowledge of the person of Melvin Leroy Tyler. Defendants had knowledge through reliable sources that two felonies had been committed and that plaintiff, Melvin Leroy Tyler, was identified by name and description as one of the three persons committing the offenses. In addition, defendants believed that a warrant for the arrest of plaintiff had been issued. All of the facts and circumstances were incriminating to the plaintiff and the defendants were authorized in arresting plaintiff. The arrest was lawful.

The plaintiff in his rebuttal to defendants' motion for summary judgment and the affidavits filed with such, refers to the plaintiff being brutally beaten by the police, but he does not name either defendant as participating in the beating. The court takes judicial notice of Cause No. 70C 62(2), Tyler v. Officer Parks et al., in this court, which this plaintiff brought against others than these defendants for such alleged beating.

Accordingly, defendants' motion for summary judgment will be sustained and the clerk will prepare and enter the proper order.