### UNITED STATES of America
### v.
### Gregory JACKSON, Appellant.
### No. 23430.

United States Court of Appeals, District of Columbia Circuit.

Argued June 19, 1970.

Decided Feb. 18, 1971.

Rehearing En Banc Denied May 13, 1971.

Mr. Chester C. Shore, Washington, D. C., for appellant. Mr. Jack Wasserman, Washington, D. C. (appointed by this Court) was on the brief for appellant.

Mr. William S. Block, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, TAMM, Circuit Judge, and MATTHEWS,[*] Senior Judge, U. S. District Court for the District of Columbia.

---

[*] Sitting by designation pursuant to 28 U.S.C. § 294(c) (1964).

PER CURIAM.

### JUDGMENT

This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was argued by counsel.

On consideration thereof, It is ordered and adjudged by this Court that the judgment of the District Court appealed from in this cause is hereby affirmed.

BAZELON, Chief Judge (dissenting):

I would reverse this conviction because the trial judge refused to grant appellant a half-day continuance in order to obtain the testimony of an eyewitness.[1]

Appellant was indicted on four counts: (1) robbery and (2) assault with a dangerous weapon on one Hancock, and (3) robbery and (4) assault with a dangerous weapon on one Hilliard. The alleged crimes took place one night at a gas station at which Hancock was a customer, and Hilliard an attendant. At the beginning of the trial, the Government's motion to dismiss counts three and four of the indictment was granted. Only then did appellant and his appointed counsel learn that Hilliard would not be called by the Government.

The first day of the trial Hancock testified that appellant robbed and assaulted him. Appellant took the stand to deny the crime, and to offer an alibi.

At the beginning of the second day of trial (a Friday), appellant's counsel, recognizing that the case would otherwise go to the jury that afternoon, asked the judge to continue the case to Monday so that Hilliard could be brought to court. Counsel explained that he had located Hilliard for the first time the previous evening. The delay, he said, was due to his and appellant's confusion about the witness's name and his whereabouts.[2] Counsel argued that Hilliard's testimony was "very important", but he did not say what he expected the witness to say. The prosecutor did not oppose a continuance. Moreover he advised the court that:

> The reason the government didn't call Wesley Hilliard is because he and the defendant are apparently good friends[. E]ven though Hilliard was standing there beside the robber he claimed he couldn't identify him[.] I later found out they are apparently cousins or some relatives or something to that effect. From talking to Hilliard I got the impression he is going to be hostile to the government and doesn't want to put the finger on a good friend. That is the reason the government didn't call him.

The trial judge refused the continuance apparently because appellant and his counsel had not been sufficiently diligent in trying to reach Hilliard before trial.

---

1. I do not reach any other issue raised by the appellant.

2. Appellant's counsel said that he had located Hilliard at Fort Bragg, North Carolina. He explained further in response to the court's questions:

   COURT: Why didn't you get him before this time? Why wait this long?

   DEFENSE COUNSEL: I kept asking my client and he knew him as "Ski" or "Skeet" and [Government Counsel] had the same thing, the same problem.

   GOVERNMENT COUNSEL: Yes, but I knew his name. * * *

   *     *     *     *     *

   COURT: When did the defendant tell you Hilliard is the man he wants as a witness? When did he tell you that?

   DEFENSE COUNSEL: I was the one [who] said we could get him, where is he, what can we do to get him and he said he didn't know, he thought he was in the army. [Government Counsel] told me first he was in the army.

   *     *     *     *     *

   COURT: The point is you have not been as diligent as you are supposed to be. Why wait till the day of trial?

   DEFENSE COUNSEL: I didn't know anything about where [Hilliard] was last night until Jackson's brother called me and told me he talked to Hilliard's mother.

In Neufield v. United States we said:[3] A party seeking a continuance must make a showing that the same is reasonably necessary for a just determination of the cause. If the continuance is sought for the purpose of securing the attendance of witnesses, it must be shown [1] who they are, [2] what their testimony will be, that it will be relevant under the issues in the case and competent, [3] that the witnesses can probably be obtained if the continuance is granted, and [4] that due diligence has been used to obtain their attendance for the trial as set.

Here defendant's counsel advised the court of the witness' name and his availability ([1]–[3]). Counsel did not describe the testimony he expected to elicit but the court had already been advised by the Government that Hilliard, an eyewitness who knew appellant before the hold-up, would say that he could not identify appellant as the robber ([2]). Finally, the defense exercised "due diligence": before trial the defendant did not or could not tell his counsel where to find Hilliard, and, in any event, counsel could reasonably have expected the Government to call Hilliard ([4]). At all events, the obvious importance of the testimony and the short delay involved required a continuance as a matter of elemental fairness. " * * * [A] myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." [4]

Before BAZELON, Chief Judge, and WRIGHT, McGOWAN, TAMM, LEVENTHAL, ROBINSON, MacKINNON, ROBB and WILKEY, Circuit Judges.

## ORDER

On consideration of appellant's suggestion for rehearing *en banc,* it is

Ordered by the Court *en banc* that appellant's aforesaid suggestion is denied. Statement of Circuit Judge LEVENTHAL as to why he denied rehearing en banc.

LEVENTHAL, Circuit Judge:

Since the court acted by order without opinion, and there is a dissenting opinion, I think it appropriate to explain that I have voted to deny rehearing *en banc* on the basis of the colloquy at Tr. 40, set forth in the Government's brief on the merits (p. 6) indicating that the District Judge who refused to grant a continuance in the middle of trial pointed out to defense counsel "You had two months." That is, there had been a period of two months after he learned of the whereabouts of Hilliard, the gas station attendant, before trial began. This does not completely dispose of the problems in the case, but identifies it as one involving discretion of the trial judge not meriting *en banc* review.

Statement of Chief Judge BAZELON as to why he would grant rehearing en banc.

BAZELON, Chief Judge:

I would grant rehearing en banc for the reasons stated in my dissent from the court's decision. As to the point mentioned by Judge Leventhal, it seems to me that defense counsel's statement at page 40 of the transcript meant only that he had known for two months that Hilliard, the eye witness, was in the army. But it was not until after the first day of the trial that defense counsel knew exactly where Hilliard was. See the colloquy quoted in footnote 2 of my dissenting opinion. And in any event, defense counsel had every reason to expect that Hilliard would be called as a Government witness, and did not learn until just before the trial that the counts involving Hilliard would be dropped.

---

3. 73 U.S.App.D.C. 174, 179, 118 F.2d 375, 380 (1941), cert. denied *sub nom.* Ruben v. United States, 315 U.S. 798, 62 S.Ct. 580, 86 L.Ed. 1199 (1942).

  *Compare* J. E. Hanger, Inc. v. United States, 81 U.S.App.D.C. 408, 160 F.2d 8 (1947), where the Government rested its case over a week earlier than had been expected, and a defense motion for a two day continuance to bring its witnesses to court was denied. This court reversed the conviction, holding the denial an abuse of discretion.

4. Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964).

This point was not even contested by the Government in this court. To expect more diligence of appointed counsel in this situation is as unreasonable as it is unrealistic.

In addition, I am disturbed by another aspect of this case. So far as the record before us reveals, it would appear that the Government withheld the information in its possession that Hilliard could not identify appellant as the robber. *See* generally Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Giles v. Maryland, 386 U.S. 66, 96–102, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967) (Fortas, J., concurring). If this should prove to be so, relief may be available on collateral attack, *see, e. g.,* Levin v. Clark, 133 U.S.App.D.C. 6, 408 F.2d 1209 (1967); Levin v. Katzenbach, 124 U.S.App.D.C. 158, 363 F.2d 287 (1966); United States ex rel. Meers v. Wilkins, 326 F.2d 135 (2d Cir. 1964), even though the point was not urged in the present proceeding, Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).