Raymond J. BLOOMER, Individually,
Plaintiff,

v.

McKNIGHT ROAD DODGE, INC., and
Chrysler Credit Corporation, corpo-
rations, Defendants.

Jane BLOOMER, Individually,
Plaintiff,

v.

McKNIGHT ROAD DODGE, INC., and
Chrysler Credit Corporation, corpo-
rations, Defendants.

Martha EVANS, Individually,
Plaintiff,

v.

McKNIGHT ROAD DODGE, INC., and
Chrysler Credit Corporation, cor-
porations, Defendants.

Raymond J. BLOOMER et al.,
Plaintiffs,

v.

McKNIGHT ROAD DODGE, INC., and
Chrysler Credit Corporation, corpo-
rations, Defendants.

Raymond J. BLOOMER et al.,
Plaintiffs,

v.

McKNIGHT ROAD DODGE, INC., and
Chrysler Credit Corporation, corpo-
rations, Defendants.

Civil Action No. 74–1137.

United States District Court,
W. D. Pennsylvania.

Aug. 6, 1975.

**404**

Thomas C. Reed, Pittsburgh, Pa., for plaintiff.

Carl F. Meyer, Pittsburgh, Pa., for defendant McKnight Road Dodge, Inc.

Davis & Mazzotta, Pittsburgh, Pa., for defendant Chrysler Credit Corp.

## OPINION

GOURLEY, Senior District Judge.

This is a Truth in Lending case which involves credit sale of an automobile purchased from McKnight Road Dodge, Inc. and financed through Chrysler Credit Corporation. The plaintiffs cause of action is based on alleged violations by the defendant of several disclosure provisions of the Act, 15 U.S.C.A., § 1601 et seq. and Regulation Z, 12 C.F.R., § 226.1, et seq. Prior to trial all parties stipulated to having this Court make its determination as a case stated upon the complaint, answers, answers to all interrogatories, stipulations, and all briefs of record. Moreover, all the parties agree that of the alleged violations of Regulation Z, only the alleged violation of § 226.8(c)(8)(i) remains in dispute.

The facts may briefly be stated. On August 21, 1974, plaintiffs, Raymond J. Bloomer, Jane A. Bloomer, and Martha Evans executed a retail installment contract for the purpose of financing the purchase of a 1974 Dodge Coronet from McKnight Road Dodge, Inc. Said contract was duly assigned for value by McKnight Road Dodge, Inc. to Chrysler Credit Corporation. The total amount financed by plaintiffs was $4,207.68. The contract executed is very clear in all respects. The date of the contract, the total purchase price of the new car, cost of insurance, the allowance for the old car, taxes, the license fee, title fee, the amount of the finance charge, the unpaid balance, the total payments required, the annual interest percentage rate, and when the payments were to commence are all fully and completely set forth and contained in a most clear and intelligent manner.

■ "Disclosure" under the Act is a term which refers to the manner in which a creditor must convey certain information to a consumer. Consequently, the requirements of disclosure under the Act do not apply to all information that a creditor might furnish to a customer, but only to that information the Act requires to be "disclosed" to a customer. This required information, in a credit sale transaction is set forth in § 106 of the Act, 15 U.S.C., § 1605 and in § 128, 15 U.S.C., § 1638.

■ In Regulation Z, the pertinent regulations for a credit sale are set forth in 12 C.F.R. §§ 226.4, 226.6 and 226.8. Other sources of law and interpretation of the Act in Regulation Z appear in Federal Board of Regulation Z, 12 C.F.R. § 226.201 et seq. and in Federal Reserve Board Staff Opinions and Model Forms. These latter forms, including Regulation Z, although not absolute and binding on the Court, are entitled to great weight and deference in construing the requirements of the Truth in Lending Act. *Philbeck v. Timmers Chevrolet, Inc.*, 449 F.2d 971 (5th Cir.).

■ Regulation Z, § 226.8(c)(8)(i), 12 C.F.R., § 226.8(c)(8)(i), provides for the following disclosure in a credit sale:

"The total amount of the finance charge, with description of each amount included, using the term 'finance charge' . . ."

The only component of the finance charge set forth in the contract ($641.-75) is the finance charge itself, which is authorized to be charged to plaintiffs in connection with the installment sale over a period of 36 months pursuant to the

Motor Vehicle Sales Finance Act, 69 P. S. § 619. Itemization of the components of the finance charge is not required by the Truth in Lending Act or Regulation Z when the only component of the finance charge is the finance charge imposed for the extension of credit.

■ It is the judgment of the Court that the defendants have not violated any of the disclosure provisions in the Truth in Lending Act and Regulation Z in connection with the extension of finance credit to the plaintiffs for the purchase by them of an automobile from McKnight Road Dodge, Inc. and the financing thereof through Chrysler Credit Corporation.

Simply stated, all disclosures required by the Act and Regulation Z were properly made to the plaintiffs in the installment sale contract.

In view of the fact that the plaintiffs have not prevailed, no basis exists to award plaintiffs attorneys fees or costs.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.