# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2007

Charles R. Fulbruge III
Clerk

No. 07-60127
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS RAMIREZ TRIGUEROS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:06-CR-34-1

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Luis Ramirez Trigueros appeals his conviction for knowingly possessing and using a counterfeit document in violation of 18 U.S.C. § 1546(a). Trigueros was sentenced to sixteen months of imprisonment, which will be followed by three years of supervised release. He also was ordered to pay $136 in restitution and a $100 special assessment. Trigueros contends that the district court erred by allowing a material variance to the indictment regarding the date and location of the offense, and that the variance prejudiced his defense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Trigueros was indicted on June 6, 2006. The indictment charged that Trigueros "did knowingly and intentionally possess and use" a counterfeit resident alien card on April 21, 2006, in Harrison County, Mississippi. The Government's evidence at trial showed that Trigueros used the counterfeit card to apply for food stamps in Hancock County on January 4, 2006. A witness testified that Trigueros was found in possession of the counterfeit card when, as the witness put it, the defendant was "encountered" in Hancock County on May 9, 2006. The witness sought to distinguish the encounter from the actual arrest, which was said to have occurred once Trigueros was taken by sheriff department deputies to Harrison County. The testimony is unclear as to whether Trigueros retained possession of the card as he was transported to Harrison County, or whether the card was taken from him by the deputies in Hancock County. The only reference in testimony to the April date charged in the indictment is that one of the special agents opened his investigation that day.

Thus on two points, the indictment is said to have varied from the evidence – the date of the use and possession was charged as being in April, and the location was charged as being in Harrison County. Variances between indictment and proof are material if they cause a modification in an essential element of the offense charged. United States v. Thomas, 12 F.3d 1350, 1357 (5th Cir. 1994). The concern with a variance is "whether the indictment, assuming it has otherwise alleged the elements of the offense, has so informed a defendant that he can prepare his defense without surprise and has protected him against a second prosecution for the same offenses." United States v. Cochran, 697 F.2d 600, 604 (5th Cir. 1983). We use a harmless-error analysis to determine whether a defendant was prejudiced by a variance. Thomas, 12 F.3d at 1357.

Trigueros's first challenge, which is to the difference between the date of possession charged in the indictment and the dates proven at trial, may not show a variance at all. A reasonable inference from the evidence could be that

because Trigueros was shown to have had the document in January and in May 2006, he also had it in April as charged in the indictment. Because Trigueros was charged with use and possession, possession alone on the April date would have sufficed even if evidence of use indicated a different date. United States v. Gonzales, 484 F.3d 712, 715 (5th Cir. 2007) ("disjunctive statute may be pleaded conjunctively and proven disjunctively.") Evidence of either use or possession would have supported guilt.

In addition, any variance between indictment and proof as to the date did not implicate an essential element of the charged offense. "An allegation as to the time of the offense is not an essential element of the offense charged in the indictment, and, within reasonable limits, the offense need only occur before the return of the indictment and within the statute of limitations." United States v. Valdez, 453 F.3d 252, 259-60 (5th Cir.) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 456 (2007). Where, as here, the prosecution uses "the 'on or about' designation" in the indictment, it is "not required to prove the exact date; it suffices if a date reasonably near is established." Id. (internal quotation marks and citation omitted). There is no material variance between the date in the indictment and the evidence presented at trial.

The second alleged variance is that there was no evidence that the location of the offense was Harrison County, as stated in the indictment, but instead both the use of the card and the seizure of Trigueros with the card were in Hancock County. We note that Harrison and Hancock are adjacent counties and that both are within the jurisdiction of the district court.

This Circuit has stated, though the authority is somewhat dated, that so long as the defendant is not misled and there is proof that the offense occurred within the jurisdiction of the court, an error as to location of the offense is an immaterial variance. See Cagnina v. United States, 223 F.2d 149, 153 n.2 (5th Cir. 1955) (variance was immaterial where there was a discrepancy between evidence as to location and county stated in the indictment, there was no

misleading, and proof that offense took place in the jurisdiction of the district court); Herman v. United States, 48 F.2d 479, 480 (5th Cir. 1931) (location of offense treated as surplusage and no variance was found where location was descriptive of offense in indictment).

More recently, the First Circuit addressed the issue of whether a discrepancy in the location stated in the indictment and evidence presented at trial resulted in a fatal variance. United States v. Escobar-de Jesus, 187 F.3d 148 (1st Cir. 1999). The indictment had charged that the offense took place "at Guayama, Puerto Rico," while the evidence presented at trial was that the offense took place in a neighboring town. Id. at 171. The court noted that any discrepancy between the specified location in the indictment and the evidence at trial "was neither material nor prejudicial," and that location was not an element of the crime. Id. at 172. The towns were close to each other and both were within the jurisdiction of the district court. Id. It was not even claimed that the location named in the indictment led to any misinformation about the charges. Id.

Here, the Government notified Trigueros two weeks before trial that it intended to introduce evidence that varied from the location stated in the indictment. Trigueros contends that he was prejudiced because the notice came so close to his trial date and his attorney's ability to respond to the change was hampered because Trigueros speaks only Spanish. However, Trigueros does not allege any specific prejudice that resulted. Moreover, he does not deny the Government's claim that it informed him during discovery of the evidence that the Government planned to introduce at trial.

Trigueros was able to prepare his defense without surprise. The discrepancy does not put Trigueros at risk for a second prosecution for the same offense. Trigueros has also failed to demonstrate any prejudice. There is no merit to the issues raised, and the conviction is AFFIRMED.